REBECCA BARNETT *vs.* ESTHER LICHTENSTEIN.

A married woman can charge the whole, or a portion of her separate estate, as a surety for her husband, the intention to charge such separate estate being declared in the contract.

And, although the instrument by which she promises to pay the debt of her husband out of her separate estate declares that the consideration is for the benefit of her separate estate, instead of stating the real consideration, this will not vitiate the instrument or exempt the wife's separate estate, provided she expressly charges her separate estate in the instrument. INGRAHAM, J. dissented.

THIS action was brought by the plaintiff, as indorsee, against the defendant, as maker of a promissory note payable to the order of M. Lichtenstein, and indorsed by

him. The complaint charged that the defendant had received, to the use of the plaintiff, $152.17; that she was the owner of separate property, consisting of a house, No. 209 West 48th street, in the city of New York, and other real and personal property, of great value; that being so indebted, and owning this property, she made the promissory note in question, the payee being her husband; and that she delivered the note to the payee, who indorsed and delivered it to the plaintiff. Upon the trial there was conflicting testimony as to the consideration of the note. The court found that it was given for the liability of the husband, and as his surety, and that the defendant voluntarily signed the note, with the understanding and charge therein expressed; but that she was not liable thereon. Judgment being given at the special term, in favor of the defendant, for costs, the plaintiff appealed.

*C. A. Nichols,* for the appellant. I. The conclusion of law upon the facts is erroneous, because it is competent for a married woman to charge her separate estate with a debt contracted as surety. (*Story's Eq. Jur.* §§ 1396, 1399. *Stuart* v. *Kirkwall,* 3 *Mad.* 387. *Greatby* v. *Noble, Id.* 94. *Yale* v. *Dederer,* 18 *N. Y. Rep.* 265, *and* 22 *id.* 450.) The decision in the latter case was, that the mere giving a promissory note in the ordinary form, only importing on its face a personal contract, by a married woman, was not, of itself, sufficient evidence of an intention to charge her separate estate. "Where her intention to create such a charge has not been expressed, and there is no direct evidence of such intention, the mere fact that the creditor is able to present a note or other obligation, bearing her signature, ought not to be regarded as sufficient evidence to justify the inference that it was her voluntary intention to charge the payment of the debt upon her own separate property." (*Opinion of Harris, J.*)

II. The power of a married woman to charge her sepa-

rate estate, is determined by the well settled rules in equity. The case of *Yale* v. *Dederer* decides nothing as to the extent of this power, (otherwise than as it sanctions these rules.) It only decides as to the mode in which it is to be exercised. "My conclusion is that, although the legal disability to contract remains at common law, a married woman may, as incidental to the perfect right of property and power of disposition which she takes under the statute, charge her estate for the purposes, and to the extent which the rule in equity has heretofore sanctioned in reference to separate estates." (*Opinion of Comstock, J.*)

III. The powers of a married woman over her separate estate includes the right to charge it with, and make it liable for her husband's debts. (*Story's Eq. Jur.* § 1396. *Demarest* v. *Wyknoop*, 3 *John. Ch. R.* 144. *Fido* v. *Soule*, 4 *Russ. R.* 112.) And the power must be exercised, in this state, through some instrument, expressly stating her intention to charge it. (*Yale* v. *Dederer, sup. Arnold* v. *Ringold*, 16 *How. Pr. R.* 158.) "All agree that, when the wife has expressly charged the payment of a debt upon her separate estate, whether it be her own debt or the debt of another, such charge is valid, and will be enforced." (*Opinion of Selden, J.*) The reasons assigned by the court below are, *First.* That the wife is not concluded in her statement contained in the note, as to its consideration. As to which, it may be conceded for the purpose of the argument, and it is so far admitted, that it is only a contract of suretiship, in which for the consideration of extension of time, she has charged the payment of another's debt upon her own estate. *Second.* That it is not valid as a personal contract of a feme covert. As to which, there is no claim that it has any validity as a personal contract. All authorities are agreed that a married woman can make no valid personal contract. All are equally agreed that a married woman can contract to bind her estate. *Third.* That it is void as a charge upon her separate estate, because the particular estate

Barnett *v.* Lichtenstein.

is not described, and because her husband has not given his assent, pursuant to the statute of 1860. As to which — No case can be found which holds that the only way in which a married woman may charge her separate estate is by giving a specific lien upon particular property. As to the statute of 1860, it is not a disabling, but an enabling act, and provides that a married woman may convey and contract, (meaning contracts for conveyances,) with the assent of her husband, in writing. If this is a case calling for such assent, it has been given in the most direct and unmistakable manner, viz: by her written undertaking to pay to the order of her husband, out of her separate real and personal estate, and by the written guaranty of her husband thereon, who, by his indorsement, certifies that the undertaking of the wife is a valid one, and that he is responsible for its performance.

*H. D. Lapaugh* and *Richard Oatis*, for the respondent. I. The separate estate of defendant, which was sought to be charged by the plaintiff for her claim, was evidently not a trust estate. The complainant alleges "that the defendant had and owned, as her separate property and estate, a house," &c. "known as No. 207 West 48th street," in said city, and also other real and personal property of great value. This is the usual allegation when the wife is seized of property of her own, not under a marriage contract or trust, and which was not denied by the defendant's answer.

II. No proof was shown on the trial that the marriage of the respondent took place after the enabling acts of 1848 and 1849; consequently those statutes would not invest the respondent with any power over her personal estate. (*Holmes* v. *Holmes,* 4 *Barb. R.* 295. *White* v. *White,* 5 *id.* 474. *Westervelt* v. *Gregg,* 2 *Kern.* 202.)

III. Even were it conceded that the enabling acts of 1848 and 1849 gave the power of disposition to the respondent of her realty and personalty, yet they gave no power to her to make contracts or enter into bargains binding her in any

shape or form whatever. (*Gates* v. *Brower,* 5 *Seld.* 205. *Vansteenburgh* v. *Hoffman,* 15 *Barb.* 28. *Switzer* v. *Valentine,* 4 *Duer,* 96. *Yale* v. *Dederer,* 22 *N. Y. Rep.* 450.)

IV. All these matters remained as they were at common law, until the act of 1860, (*Laws of* 1860, *p.* 157,) which for the first time gave married women authority to act as sole traders, except in cases specified at common law. She could not before, and cannot since the act of 1860, make any contracts binding her personally, and therefore as the act of a *feme covert* the note is void.

V. Where a married woman owns real estate, the title of which is vested in her, the only way she can charge it is by a deed or mortgage acknowledged by her before a commissioner of deeds separate and apart from her husband; and she must state that it was done through no fear or compulsion of her husband. Yet the claim for judgment in this action is that any and all of the real and personal estate of the defendant may, by the order of this court, be directed to be sold, and the proceeds thereof applied to the payment of the amount due, this being a judicial disposition of her estate on her mere contract. (*Knowles* v. *McCamly,* 10 *Paige,* 342. *Ackert* v. *Pultz,* 7 *Barb.* 386. *Owen* v. *Cawley,* 36 *id.* 52.)

VI. The proof is that the debt constituting the consideration of the note, was the debt of the husband of the defendant, and so the justice found. This being the case, and the note being made to the order of the husband, the wife (defendant) undertook to become his surety, which she could not do.

VII. The recital in the note cannot estop the respondent, for several reasons. (1.) A wife cannot estop herself by a contract which is void. (2.) The appellant did not act upon the strength of and relying on the declarations. (3.) The appellant was as well informed as to the origin and consideration of the debt as was the defendant.

VIII. The separate estate of the respondent cannot be charged under any of the provisions of the act of 1860, be-

cause the obligation declared on grew out of a voluntary undertaking on her part to pay the debt of her husband, and not out of any contract relating to any trade or business which that act permits her to conduct independent of her husband. In short, the debt under the act of 1860, must be one that the husband cannot be held for. (*Barton* v. *Beer*, 35 *Barb.* 78.)

IX. As a contract undertaking and purporting to create a charge upon her separate estate, it is void. (1.) The estate and property intended to be charged is not specifically described, and the contract is uncertain. A specific lien is not created on any particular property. (2.) The assent of the husband is not given in pursuance of the act of 1860. (*Laws of* 1860, *p.* 157.)

CLERKE, J. The special term has found that the note in question was not made or procured under the coercion of the defendant's husband or any other person, and that the same was made at the request of her husband, for his benefit and as his surety. The note is in these words: "Thirty days after date I promise to pay to the order of M. Lichtenstein [her husband] one hundred and fifty-two dollars seventeen cents, at 359 Canal street, value received, *for the benefit of my separate real and personal estate*, and the said sum is hereby declared to be a charge thereupon and payable therefrom." It is alleged in the complaint that the defendant had separate real and personal estate, and this is not denied in the answer

I do not agree with the justice at special term, that the estate intended to be charged should be specifically described. By the terms of the contract the wife's whole separate estate is charged; it is not necessary to specify the property, unless she intended to charge only a specific portion of it. It cannot be denied that a married woman can charge the whole or a portion of her separate estate as a surety for her husband. Of course, the intention to charge her separate estate must

be declared in the very contract which is the foundation of the charge. In the present case this intention is distinctly declared in the contract upon which this action is founded. The contract, however, declares that the consideration was for the benefit of her separate estate; instead of which, it is found by the justice to have been given to secure the payment of the existing indebtedness of her husband, for the amount of the note. In other words, she signed the note as surety for her husband. The only question then is, can her separate estate be exempt from liability, because the contract, although it charges her separate estate, does not state the real consideration? Suppose the words "for the benefit of my real and personal estate" were omitted in the note, leaving the words "value received" and the words charging her separate estate; would not the plaintiff be entitled to recover? These words do not vitiate the note. She acknowledges that value was received, and it is proved that she signed the note as surety for her husband;—a consideration which the law recognizes as sufficient to bind her separate estate. A mistake in describing the particular consideration does not avoid any contract, provided a valid consideration existed, which was the real foundation of the contract. I admit a wife cannot estop herself by a contract which is void; but it is a mistake, I think, to say that a misstatement of the consideration makes it void. The act of 1860 is not applicable to a charge on the separate estate of a wife; and if it was, the husband's consent is satisfactorily shown, when it appears the note was given for his benefit, and was indorsed and transferred by him.

The judgment should be reversed and a new trial ordered; costs to abide the event.

SUTHERLAND, J. concurred.

INGRAHAM, J. (dissenting.) I do not concur in the views expressed by my brethren in this case. I understand them as considering that the note on which this action was brought

Barnett *v.* Lichtenstein.

was not for any benefit to the separate estate of the wife, but as given as security for the debt of her husband. The note was made payable to the husband and indorsed by him to his creditor.

1. I am of opinion the wife cannot loan her note to her husband for his benefit without any consideration to herself, to be used by him as security for his debts, even although she makes it a charge upon her separate property. 2. Nor can she charge her separate estate for any such indebtedness, by the mere words included in the note declaring that the indebtedness is such a charge. I concede that a wife may bind her separate property so as to be such security; but it must be, as to real estate, in a form that will reach real estate. She may join with her husband in a mortgage of her real estate for money advanced to him; or she may make any specific piece of property liable to such a charge by executing an instrument which, at the time, imposes such a liability. But the general declaration contained in this note, is not, in my judgment, sufficient to impose on all her estate, real and personal, a liability which, at law, is void and cannot be enforced, and which, therefore, presents to equity no good reason why a court of equity should interpose its power to enforce a contract which is void at law. The effect of such an interference is to place a married woman in a worse condition than if she were sole—to put her more completely in the power of her husband, than she would be under any other relatives, and to deprive her of all the safeguards which the law has thrown around her to preserve to her own use from the debts and liabilities of her husband, the property which is hers and not her husband's. I concur fully with Comstock, J. in *Yale* v. *Dederer*, (18 *N. Y. Rep.* 265, 276,) when he says : " The principle on which the liability depends cannot be extended to cases of mere suretiship for the husband or a stranger. The obligation of a surety is held to be *stricti juris*, and if his contract is void at law, there is no liability in equity founded on the consideration between the principal parties.

\* \* \* \* If the promise is on her own account, if she or her separate estate received a benefit, equity will lay hold of those circumstances and compel her property to respond to the engagement. Where these grounds do not exist there is no principle on which her estate could be made answerable. \* \* \* Courts of equity, proceeding *in rem,* will take hold of her estate and appropriate it to the payment of her debts. But when her obligation is one of suretiship merely, she owes no debt at law or in equity. If not at law, which is very clear, then quite as clearly, not in equity."

The acts of 1848 and subsequent ones, as to married women, give no greater validity to contracts of suretiship by married women than they possessed previous to the passage of those statutes. I know of no case where a liability of a wife as surety for her husband has ever been enforced against the wife, except where she has made such liability against herself by an express incumbrance upon some specific property. If her mere declaration in a note that she intends thereby to bind her separate estate, is sufficient to create a valid obligation when it is utterly void without it, she is placed by equity in a much worse condition than the husband. I am not disposed to deprive the wife of the few safeguards that are left to her as to her separate estate, to protect it from an extravagant and imprudent husband, by extending the liability of the wife in such cases any further than they existed under the old system; unless the new statutes clearly impose such liability. As they do not reach this case, I see no reason for interfering with the judgment appealed from.

New trial granted.

[New York General Term, February 2, 1863. *Sutherland, Ingraham* and *Clerke,* Justices.]