# Charleston.

## STOCKTON *v.* FARLEY

Decided April 28, 1877.

1877.
January Term.

1. In this State a common law suit can not be brought against a married woman on any contract made by her while married and living with her husband.

2. If such a suit is brought against her she may plead her coverture, at the time the contract was made, in bar of the action.

3. The Court declines to decide in this case whether such a suit could be brought against her when the contract was made while she was living separate and apart from her husband.

4. In such a case if a common law suit has been brought against her she could plead, in bar of the action, her coverture when the contract was made, and the proper mode of raising the question whether in such case a common law action could be brought against her would be for the plaintiff to offer a replication that when the contract was made she was living separate and apart from her husband, which replication should be received or rejected as the Court might hold that such an action would or would not lie in such a case.

| 10 | 171 |
| 36 | 798 |
| 10 | 171 |
| 39 | 730 |
| 10 | 171 |
| 47 | 697 |

Charles F. Stockton instituted an action of debt, on the 4th day of April, 1874, in the circuit court of Kanawha county, against Fannie J. Farley, who filed a plea of "coverture" to the action. The plaintiff demurred to the said plea and the court sustained the demurrer, and directed that said plea be stricken from the record, and rendered judgment in favor of the plaintiff against the defendant for the debt in the declaration mentioned. A writ of error and *supersedeas* to said judgment was awarded upon the petition of the defendant.

The Hon. Joseph Smith, Judge of the seventh judicial circuit, presided below.

*W. Mollohan and J. M. Payne,* for the plaintiff in error, referred to the following authorities :

*Yale v. Dederer and ux.* 18 N. Y., 265 ; *Kantrowetz et al. v. Prather and ux.* 31 Ind., 92 ; 22 N. Y., 450 ; 17, Iowa 393, 428 ; Code W. Va. ch. 66, §12 ; *Copeland v. Cunningham,* 31 Ind., 116.; *O'Dailey v. Morris,* 31 Ind., 111 ; 3 Rob. Pr. 216 ; 5 Rob. Pr. 52 ; *Coon v. Brook,* 21 Barb., 549 ; Code of W. Va., 603, §29 ; 2 Perry on Trusts, §659, 662 ;. *Darnall and ux. v. Smith,* 26 Gratt., 878 ; *The Corn Exchange Ins. Co. v. Babcock,* 42 N. Y., 613 ; Code N. Y., §274–5.

*Wm. H. Hogeman,* for defendant in error, cited the following authorities :

Code W. V., ch. 131, §7 ; 5 Rob. Pr. 50 ; *Buck v. Fouchee,* 1 Leigh, 64 ; 1 Chitty's Pl., 434 ; Gould's Pl., ch. 5, §85, 88 ; Code W. Va., ch. 125, §16 ; Gould's Pl., ch. 3, §57, 59 ; 1 Chitty's Pl., 444 ; *Hortons & Hutton v. Townes,* 6 Leigh, 58 ; Gould's Pl., ch. 5, §143, 147 ; 1 Chitty's Pl., 456, 412, 449 ; Code W. Va., ch. 125, §29 ; 2 Chitty's Pl., 454–5 ; *Tillman v. Shackleton,* 15 Mich., 456 ; *Campbell v. White,* 22 Mich. 185 ; *Frecking v. Rolland,* 53 N. Y., 422 ; *Hier v. Staples,* 51 N. Y., 138 ; *Westgate v. Munroe,* 100 Mass., 227 ; *Fiske v. McIntosh,* 101 Mass., 66 ; *Labaree v. Colby,* 99 Mass., 560 ; *Estabrook v. Earle,* 97 Mass.; 302 ; *Ames v. Foster,* 3 Allen, 541 ; 59 Ill., 515 ; 5 Iowa, 427 ; 37 Conn., 498 ; 32 Iowa, 484 ; 8 N. Y. Sup. Ct., 125.

GREEN, PRESIDENT :

This was an action of debt brought on April 4, 1874, in the circuit court of Kanawha, by Charles F. Stockton against Fannie J. Farley upon a promissory note for $150, dated September 1, 1873, and payable six months after date, executed by the defendant to the plaintiff.

The declaration was in the usual form. The defendant filed at the first rule day after the declaration was filed the following plea:

> FANNIE J. FARLEY  
>          *vs.*          } In Debt.  
> CHARLES F. STOCKTON.

And the said Fannie J. Farley, by her attorney, comes, and says that at the time of the making of the note in the plaintiff's declaration mentioned, and at the time of issuing the writ of the said plaintiff, she was, and now is, under the coverture of one S. C. Farley, her husband, who is still living at the county of Kanawha aforesaid, and this she is ready to verify ; wherefore this defendant, Fannie J. Farley, prays judgment, if the said Charles F. Stockton, plaintiff, ought to have or maintain his aforesaid action thereof against her, &c.

PAYNE, <i>P. Q.</i>

Affidavit waived.

> W. H. HOGEMAN,  
>          *Attorney for Plaintiff.*

To this plea the plaintiff demurred, and issue was joined. The court sustained the demurrer, and ordered the plea to be stricken from the record, and the defendant filed a bill of exceptions to this action of the court. The defendant not filing any other plea, and neither party requiring a jury, the court proceeded to ascertain the amount the plaintiff was entitled to recover in the action, and rendered judgment against the defendant for the amount demanded by the plaintiff in his declaration. A writ of error and *supersedeas* was awarded by this Court.

The first question is, whether this plea is a bar to the action or whether it should have been plead in abatement only. It is in the form of a plea in bar, and if it could only have been plead in abatement the plea is fatally defective. By the common law a woman could not be sued upon a contract made by her during her coverture whether joined with her husband or not,

1877.
January Term.

Stockton
v
. Farley.

*Edwards v. Davis*, 16 Johns. 286. The contract of a married woman at common law was absolutely void, and no action upon such contract would lie against her. *Griffin and wife v. Reynolds*, 17 Howard 611. It follows, then, that a plea that the contract was made by the defendant while she was under coverture must be plead in bar of the action, because, if true, it destroys all right of action at law upon the contract; but if she entered into the contract while sole, and subsequently married she must plead this in abatement and not in bar, because her defence does not deny any liability, but she simply objects that her husband should be made a joint defendant with her. See 1 Chitty Pl., 465, and *Steer v. Steer*, 14 Serg. & R., 279. If then the common law remains unchanged by statute, this plea of coverture alleging that the note was executed during coverture was properly plead in bar; has there been such change. The third section of chapter sixty-six of Code of West Virginia, provides, "any married woman may take by inheritance, or by gift, grant, devise or bequest, from any person other than her husband, and hold to her sole and separate use, and convey, and devise, real and personal property, and any interest or estate therein, and the rents, issues and profits thereof, in the same manner, and with like effect as if she were unmarried, and the same shall not be subject to the disposal of her husband, nor be liable for his debts." So much of our statute as is copied above is taken *verbatim* from the New York statutes of 1848-49.

Under this statute the New York courts hold that a married woman could acquire and hold in actual possession and enjoyment a separate legal estate in lands or personal property. Before the passage of this statute a married woman's separate estate was never a legal estate, but was purely equitable. It the case of *Coockson v. Toole*, 59 Ill. R. 515, it was held, under an Illinois statute, which, so far as I can judge from what is stated in the report of the case, was similar to the provisions of our law above quoted, that an estate derived under it

was a legal, and no longer a mere equitable estate, from which the Court concludes that as the estate is thus transformed from an equitable to a legal estate, all the rights incident to it must be legal rights, and as she could not hold and enjoy separate real estate as an unmarried woman without the right to contract for servants and laborers to cultivate her land, such implication to so contract is a legal implication, arising under the statute. This capacity to so contract is a legal capacity, and therefore cognizable by a court of law. Reasoning thus, the court held that in actions of assumpsit brought for work and labor, to which the defendant put in a plea of coverture, the plaintiff might reply that the work and labor was done upon her farm, which was her sole and separate property. But the New York courts, in construing their statutes, of which so much of ours as is given above is a copy, held that it was plain that this statute did not remove the incapacity which prevents a married woman from contracting debts, and "that her promissory note or other personal engagement is still void, as it always was by the rules of common law." While her incapacity to contract debts still remained, the courts held she could charge this legal separate estate created by the statute, with liabilities just as she could formerly have charged her separate equitable estate. See *Yale v. Dederer and wife,* 18 N. Y., 265; *Owens v. Dickinson,* 1 Craig's Phil. R., 48; *Barnett v. Litchenstein,* 39 Barb., 194; *Draper v. Stouevenel,* 35 N. Y., 507; *Ogden v. Blydenburgh,* 1 Hilton, 182; *Ballon v. Dillaye,* 37 N. Y., 35. The reasoning on which the New York courts based their decisions, seems to me far more satisfactory than the reasoning of the Illinois court; and as the Legislature of West Virginia adopted the New York statute as far as above quoted, *verbatim,* long after the New York courts decided that it did not remove the legal disability of a married woman to make any contract personally binding upon her, we feel constrained to hold that our statute has no such effect. The twelfth

section of chapter sixty-six of the Code of West Virginia, which is not copied from the New York laws, which provides that a married woman may be sued without joining her husband, where the action concerns her separate estate, may be supposed to have some bearing on the question under discussion; but it seems to me this section, or at least this portion of it, should be construed as in no manner affecting her liability, but only as regulating the parties to the suit. If without this provision, she and her husband would be made defendants in a chancery suit to subject her separate estate, she alone, by virtue of this provision, may be made a defendant in such chancery suit. It is true that it is now held in the New York courts that a married woman may be sued at law upon certain contracts made by her while married, and that suit may be brought in the ordinary form, taking no notice of her marriage, and that if the contract sued on should be one she is not authorized to make, the objection should be made by her plea. *Freching v. Rolland*, 53 N. Y., 422; *The Corn Exchange Insurance Co. v. Babcock*, 42 N. Y., 613. But these decisions are based on statutes passed in 1860 and 1862. These acts are: " A married woman may bargain, sell, assign and transfer her separate personal property, and carry on any trade or business, and perform any labor or service on her sole and separate account, and the earnings of any married woman, from her trade, business, labor or service, shall be her sole and separate property, and may be used and invested by her in her own name."

Any married woman may, while married, sue and be sued in all matters having relation to her sole and separate property, or which may hereafter come to her by descent, devise, bequest, purchase, or the gift or grant of any person, in the same manner as if she were sole; and any married woman may bring and maintain an action in her own name for damages against any person or body corporate, for any injury to her person, or character, the same as if she were sole; and the money

1877.
January Term.

Stockton
v.
Farley.

received on the settlement of any such action, or recovered upon a judgment, shall be her sole and separate property. In case it shall be necessary, in the prosecution or defense of any action brought by or against a married woman, to enter into any bond or undertaking, such bond or undertaking may be executed by such married woman, with the same effect in all respects as if she were sole; and in case the said bond or undertaking shall become broken or forfeited, the same may be enforced against her separate estate.

" No bargain or contract made by any married woman, in respect to her sole and separate property, or any property which may hereafter come to her by descent, devise, bequest, purchase, or the gift or grant of any person (except her husband), and no bargain or contract entered into by any married woman in or about the carrying on of any trade or business, under any statute of this State, shall be binding upon her husband, or render him or his property in any way liable therefor. In an action brought or defended by any married woman in her name, her husband shall not, neither shall his property, be liable for the costs thereof, or the recovery therein. In an action brought by her for an injury to her person, character or property, if a judgment shall pass against her for costs, the court in which the action is pending shall have jurisdiction to enforce payment of said judgment out of her separate estate, though the sum recovered be less than one hundred dollars."

" A married woman may sue *in any of the courts of this State,* and whenever a judgment shall be recovered against a married woman, the same may be enforced by execution against her sole and separate estate, in the same manner as if she were sole."

. Under these statutes the New York courts have held that in certain cases a married woman may be sued alone on her contract in a common law court. But neither these, nor any similar acts, have been enacted in this State. .

Numerous cases have been cited in other States where

common law suits on contracts have been sustained against married women, but on examining these cases I find that they were based on statute laws, which are not so stated in the reports as to throw any light on the inquiry before us. It may be possible that a married woman living separate and apart from her husband might be sued on her contract in this State in a common law court as an incident to the authority conferred on her by the thirteenth section of chapter sixty-six of the Code of West Virginia, page four hundred and forty-nine, to carry on in her own name any trade or business for her sole and separate use. But it is unnecessary in this case to express any opinion on this point. I think it is certain that in no other case could she be sued in this State in a common law court upon a contract, though she may bring an action to recover her private property, she being now the legal owner thereof, and perhaps in some other cases, to enforce her rights in relation to her private property, even when based on contracts. If, when this case is remanded, the plaintiff thinks that the character of his claim has so arisen out of the business carried on by the defendant, while living separate and apart from her husband, as to entitle him to bring this action, he may offer to reply to these facts, and the court will then determine whether they constitute a good replication. Such was the mode pursued in Illinois in the case before cited, in which the plaintiff brought forward his right to sue the defendant on that particular contract, and if any such case can exist in this State, that is the proper mode of its being presented. Certain it is that in this State the general disability of a married woman to incur, by contract, a personal obligation on which she could be sued at law, has not been removed, and therefore she may rely on her plea of coverture as a bar to any action on a contract made by her while married; and if there be any exception to her disability to incur such personal responsibility, the plaintiff, by replication, should bring it to the attention of the court.

1877.
January Term.

Stockton
v.
Farley.

The judgment of the circuit court in sustaining the demurrer to the plea filed, and in striking out the plea, and also the judgment rendered by the circuit court in favor of the plaintiff against the defendant, must be reversed and annulled, and the appellant must recover of the appellee his costs in this Court expended, and the cause must be remanded to the circuit court to be proceeded with on the principles expressed in this opinion and further according to law.

JUDGMENT REVERSED and cause remanded.