# WHEELING.

MATHEWS v. GREER.

Submitted January 11, 1883—Decided June 30, 1883.

The statutes of this State—chap. 66 of the Code—authorize a married woman, living with her husband, to maintain an action at law for the recovery of the possession of her separate real property without uniting her husband in the action.

Writ of error and *supersedeas* to a judgment of the circuit court of the county of Jackson, rendered on the 19th day of November, 1881, in an action in said court then pending, wherein Mary M. Mathews was plaintiff, and John M. Greer was defendant, allowed upon the petition of said Greer.

Hon. Robert F. Fleming, judge of the sixth judicial circuit, rendered the judgment complained of.

SNYDER, JUDGE, furnishes the following statement of the case:

This is a writ of error from a judgment of the circuit court of Jackson county, pronounced November 19, 1881, in an action of unlawful detainer originally commenced before a justice and brought by appeal to said circuit court. The summons commencing the action was issued by the justice September 12, 1881, and requires the defendant, John M. Greer, to answer the complaint of the plaintiff, Mary M. Mathews, "in a civil action for unlawfully withholding from her twenty acres of land, *her separate estate*, situate," &c. and concludes as follows: "In which action the plaintiff will claim judgment for the possession of the premises unlawfully detained as aforesaid, and twenty-five dollars damages for the unlawful detention thereof, as well as the costs of this suit in her behalf expended." The defendant moved the court to quash the summons, because the husband of the plaintiff was not joined with her as a plaintiff in the action, which motion the court overruled. The defendant then filed a plea averring therein that the plaintiff was at the commencement of the action and still is the wife of, and

living with, one R. N. Mathews, to which the plaintiff replied specially, admitting the averments of the said plea and alleging that "her said action concerns her sole and separate estate." To the filing of said replication the defendant objected, but the court overruled the objection. The defendant, also, pleaded not guilty, on which plea issue was joined. A jury was sworn to "try the issue joined" &c., and it found a verdict in these words: "We, the jury, find for the plaintiff the land in the within summons mentioned, and described by metes and bounds as therein set out, and that the defendant unlawfully withheld the possession thereof from the plaintiff at the institution of this suit, but had not so held for three years prior to that date, and we do so assess the plaintiff's damages at ten dollars."

The defendant moved the court to set aside the verdict which motion the court overruled and entered judgment for the plaintiff on said verdict. There is no bill of exceptions in the record and none appears to have been taken, but under our statute "a party may avail himself of any error, appearing on the record, by which he is prejudiced, without excepting thereto." Section 9, chapter 131, Code, p. 627.

No appearance for plaintiff in error.

*John H. Riley* for defendant in error cited the following authorities: 18 Ark. 236; Code ch. 125 § 20; 10 W. Va. 122; 6 Ohio St. 182; 7 W. Va. 152; 10 Bac. Abr. 325; 12 W. Va. 521; 13 W. Va. 9; 16 W. Va. 555; 18 W. Va. 766; 3 W. Va. 452; 8 W. Va. 245; 10 W. Va. 115; 12 W. Va. 516; 11 W. Va. 94.

SNYDER, JUDGE, announced the opinion of the Court:

The plaintiff in error has neither argued nor filed any brief in this Court; but in his petition for a writ of error it is assigned that the circuit court erred: (1) In refusing to quash the plaintiff's summons; (2) In allowing the plaintiff to file her replication to the defendant's special plea; (3) In not disposing of the question raised by the plea of coverture before submitting the main issue to the jury; (4) Because the jury was not sworn "to try whether the defendant unlaw-

fully withholds the premises in controversy;" (5) Because the "verdict is not responsive to the issues joined;" and (6) Because the court refused to set aside the verdict of the jury.

These alleged errors taken together present but two legal questions: *First*—Can a married woman living with her husband maintain an action for the possession of her *separate real estate* without joining her husband as plaintiff in the action? and *second:* Was there any such defect or irregularity in the swearing of the jury or in the verdict as will warrant this Court in reversing the judgment of the circuit court? Without, therefore, noticing separately the plaintiff's numerous assignments of errors, I shall proceed to consider the two questions stated; and the determination of them in my judgment necessarily disposes of all the said assignments.

1. Can the plaintiff, being a married woman, maintain this action? By the common law a married woman could have no legal separate estate, and she could not, therefore, sue at law, because courts of law take cognizance of the legal title only. Unless, then, her right to sue is conferred by statute, it is clear that no such action can be maintained. By our statute—sec. 12, chap. 66, Code p. 449—it is declared that: "A married woman may sue and be sued without joining her husband in the following cases: I. Where the action concerns her separate property," &c. And this Court, following the New York decisions, from which State our statute was taken, has held that under our statute—sec. 3, chap. 66, Code p. 448—a married woman acquires and holds a legal and not a mere equitable estate—*Stockton* v. *Farley*, 10 W. Va. 174; *Radford* v. *Carwile*, 13 *Id.* 660. And while the statute does not remove the legal incapacity which prevents a married woman from making any contract, still her right to sue for trespasses committed upon her separate estate would seem to be a necessary incident of the ownership of such estate. Formerly having but an equitable title she could only obtain redress in equity, but now having a legal estate she may sue at law. She is not only the legal owner of her separate estate, but she is under the statute entitled to the rents and profits and, consequently, the possession of her

estate real as well as personal.  In New York it has been
held under a statue svery similar to ours that a married
woman may even sue her husband at law for the 'possession
of her real estate—*Minier* v. *Minier*, 4 Lans. 421.

Before the enactment of the statute a married woman not
only did not hold the legal title to her separate estate, but
she could not hold the possession of it.  By her marriage
she became absorbed in her husband so far as her legal
rights to property were concerned.  Her goods and chattels
and the possession of her real estate became by virtue of the
marriage vested in her husband during the coverture.  And
as courts of law could not regard equitable titles nor permit
the recovery of real estate by a person not entitled to the
possession, she could not sue at law.  But the statue having
removed these common law obstructions and expressly
declared that she may sue concerning her separate property
without joining her husband, it seems to me, there can be no
question or doubt about her right to sue in an action such as
this for the recovery of possession of her separate real estate
without joining her husband.  If she cannot sue at law,
she cannot sue at all.  Her husband has no title or right to
the land, and having the legal title, she cannot sue in equity
for its possession.  I am, therefore, clearly of opinion that
the plaintiff properly brought this action.

2.  Was there any such defect or irregularity in the swear-
ing of the jury or in the verdict as will require this Court to
reverse the judgment of the court below?  The jury was
sworn to "try the issue joined."  It is insisted that this was
error, and that it should have been sworn "to try whether
the defendant unlawfully withholds the premises in contro-
versy."  It is also insisted that the "verdict is not responsive
to the issues joined."  These irregularities are merely
formal and could in no manner have prejudiced the defend-
ant.  The form of the oath and the verdict of the jury in
this case are very similar and more regular than was the case
in *Mann* v. *Bryant*, 12 W. Va. 516, yet this Court refused to
reverse the judgment in that case.  Verdicts of juries are to
be favorably construed; and if the point in issue is substan-
tially decided by the verdict, it is the duty of the court to
mould it into form.  The court will not set aside a verdict

for a merely formal defect—*Lewis* v. *Childers*, 13 W. Va. 1; *Lawson* v. *Dalton*, 18 *Id.* 766.

Upon the whole record, I am of opinion, that there is no error, for which the judgment of the circuit court ought to be reversed. The said judgment must, therefore, be affirmed with costs to the defendant in error and thirty dollars damages.

The Other Judges Concurred.

Judgment Affirmed.

# WHEELING.

