# CHARLESTOWN.

## THE BANK OF HUNTINGTON v. HYSELL et al.

Submitted January 29, 1883—Decided September 22, 1883.

1. In an action of debt on a negotiable note the plaintiff must allege in his declaration, that he is the *payee or endorsee* or holder of the note. If he fails to make such allegation, though he alleges the *drawing* of the note and its endorsement by the *payee* in blank, the declaration is fatally defective on general demurrer. (p. 144.)

2. In an action on a negotiable note against an endorser the declaration must allege, that the note was duly presented for payment at the place, where it was payable, at the time, when it became due and payable, and that it was not paid, and that thereupon the said note was then duly protested for non-payment, of all of which the endorser had prompt notice. A declaration, which simply states, "that the note was presented at the close of banking hours to the cashier of the bank, where it was payable, for payment, which was refused, and thereupon it was duly protested for non-payment, notice whereof was given said endorser," is fatally defective on general demurrer, as it does not state when the note was presented for payment or where it was presented. (p. 145.)

3. A promissory note for money payable at an unincorporated bank in this State is not a negotiable note; and the maker and endorser of such a note can not be sued jointly. (p. 146.)

GREEN, JUDGE, furnishes the following statement of the case :

At November rules, 1873, the plaintiffs filed the following declaration in the circuit court of Cabell :

"*In the Circuit Court of Cabell County, to-wit:*

"John N. Buffington, Peter C. Buffington, J. Harvey Poage, W. H. Hagen, Jno. Hove Russell, D. W. Emmons and M. Erskine Miller, partners doing business as the Bank of Huntington, complain of M. L. Hysell and A. G. White, who have been summoned to answer the said plaintiffs in an action of debt, and they demand of said defendants the sum of two hundred and fifty dollars, which they owe to and unjustly detain from the said plaintiffs, for that, whereas, heretofore, the said M. L. Hysell, by a certain note in writ-

ing, signed with her hand, dated Guyandotte, January 29, 1873, to-wit, at the county aforesaid, promised to pay A. G. White, or order, the sum of two hundred and fifty dollars, ninety days after date, at the Bank of Huntington, which said note was indorsed by the said A. G. White; and said note, as indorsed, was presented at the close of banking hours to John Hove Russell, cashier of the Bank of Huntington, for payment, which was refused, and thereupon it was duly protested for non-payment, notice whereof was given to the said M. L. Hysell, maker, and the said A. G. White, endorser; and the said defendants then and there in consideration of the premises, promised to pay to said plaintiffs the amount of said note according to the tenor and effect thereof. And although the said note has been long since due it has not been paid, either by M. L. Hysell, the maker, or by A. G. White, the endorser, or by any one for them, or any part thereof, although they have both been often requested so to do, but they have wholly refused and still refuse so to do, to the damage of the said paintiffs of the sum of one hundred dollars; therefore they bring this suit."

At the December term of the circuit court of Cabell the defendants demurred to this declaration and also pleaded *non-assumpsit*, and issue was joined. At the June term, 1874, the following entry was made in the case:

"This day came the parties, by their attorneys, and thereupon the defendant, M. L. Hysell, tendered a plea in writin g, to which the plaintiffs, by their attorney, objected to the filing of said plea, and demurred generally to the same; which objection and demurrer was sustained by the court, and the defendant, A. G. White, withdraws his former pleas entered in this cause. Thereupon the plaintiffs moved the court for a judgment against the said defendants; and the office judgment obtained at rules not having been set aside as against the defendant, A. G. White, and the defendants failing to appear, though called, and neither party requiring a jury, the cause, was, by consent of parties, submitted to the court. And the court after having heard the evidence is of the opinion and so finds that there is now due from the defendants, M. L. Hysell and A. G. White, upon the debt in the declaration mentioned the sum of two hundred and sixty-

eight dollars and seventy-six cents, including principal, interest and costs of protest, after allowing all legal offsets that the defendants are entitled. Therefore, it is considered by the court that the plaintiffs recover against the defendants, M. L. Hysell and A. G. White, the said sum of two hundred and sixty-eight dollars and seventy-six cents costs with legal interest thereon from this day until paid, and their costs by them about their suit in this behalf expended, including $—— as allowed by statute. By consent, no execution is to issue upon this judgment until after the expiration of sixty days from the rising of this court against the defendant, A. G. White."

The clerk in copying the record has here inserted a plea of Mary L. Hysell, that she was, when she executed the said note, and still is the wife of J. H. Hysell; and in his note states, that this is the plea mentioned in said order or judgment. From this judgment Mary L. Hysell and Thomas H. Harvey assignee of A. G. White bankrupt have obtained a *supersedeas* from this Court.

*John B. Laidley* for plaintiffs in error.

*Simms & Enslow* for defendants in error.

GREEN, JUDGE :

The circuit court failed entirely to decide the demurrer filed by the defendants to the plaintiffs' declaration. Of this the defendants cannot complain in this Court, if the declaration was good; but if it was fatally defective, they can complain of this omission. Was the declaration then good? There were in this declaration several fatal defects. It will suffice here to point out a few of them. The plaintiffs in this declaration are seven individuals partners doing business as the Bank of Huntington; but these plaintiffs utterly fail to show or state, that they have any interest whatever in the matter involved in this suit. The declaration simple states, that the defendant, M. L. Hysell, executed her note to the defendant, A. G. White, for two hundred and fifty dollars payable ninety days after its date at the Bank of Huntington, and that this note was endorsed by the defendant, A. G.

White.  Its presentation and protest are then stated in a manner so vague and loose as to be of no effect in binding the endorser.  The allegation of this protest in this declaration fails to state, that this note was presented at the Bank of Huntington for payment, when the same became due and payable according to its tenor, but simply states that it "was presented at the close of banking hours to John Hove Russell, cashier of the Bank of Huntington, for payment, which was refused, and thereupon it was duly protested for non-payment, notice whereof was given to M. L. Hysell, maker and A. G. White endorser."  The declaration utterly fails to state, when this note was thus presented for payment and protested and notice thereof given.  Of course such a statement of the presentation of the note, the protest thereof and the notice thereof is utterly defective, as the effect of such presentation, notice and protest is entirely dependent on the promptness, with which these acts are done.

This declaration does not state, that the plaintiffs have any interest of any sort in this note.  It is true it does state, that it was endorsed by the payee, A. G. White, but who was the endorsee, it does not state.  It fails entirely to state, as it should have done, that the said payee, A. G. White, thereby "ordered and appointed the said sum of money in the said note specified to be paid to the plaintiffs."  It is true after stating the protest in the vague manner indicated the declaration does say:  "And the said defendants then and there in consideration of the premises promised to pay to the said plaintiffs the amount of the said note according to the tenor and effect thereof."  But this declaration fails to show any sort of consideration for such a promise.  So that had it been a declaration in *assumpsit* instead of debt, this statement of this promise would have been of no avail.  It is true, as claimed by the counsel for the plaintiffs in error, that the mere possession of a negotiable instrument payable to the order of the payee and endorsed by him in blank is in itself sufficient evidence of his right to present it and to demand payment thereof and bring suit thereon if it be not paid.  See *Shed* v. *Brett*, 1 Pick. 401; *Seaver* v. *Lincoln*, 21 Pick. 267.  But though this be the rule of evidence, yet it in no manner modifies the rule of pleading, which requires the plaintiff in

all cases to show title. Had the plaintiffs alleged title, they could under the rule, which we have stated, have proved their title by the simple production of the note sued upon endorsed in blank by the payee. But the fact, that title might be thus proven, cannot dispense with the absolute necessity imposed by the rules of pleading upon the plaintiffs to allege title in themselves, which they wholly failed to do in the declaration in this case.

There is however a still more fatal defect in the declaration, one which is the result of no carelessness in drawing the declaration, but which is such as would necessarily render it impossible in this or any other suit to obtain a judgment against the defendants jointly. The note declared upon is not a negotiable note; and therefore no joint suit could be brought or judgment rendered thereon against the drawer and endorser jointly under section 11 of chapter 99 of the Code. The statute 3 and 4 Anne never having been adopted in Virginia or West Virginia, an ordinary promissory note though payable to order is not negotiable. When the Bank of Virginia was incorporated in 1804, all notes *discounted* by this bank were made negotiable by a provision in its charter. See 2 R. C. 1819 p. 74 c. 193 § 6 ch. 13. The act of February 15, 1812, made negotiable all notes *negotiable* at the Farmers Bank of Virginia and its branches. See 2 R. C. p. 90 § 15 ch. 13. The act of January 24, 1814, extending the charter of the Bank of Virginia made negotiable all notes either negotiable or negotiated at that bank or its branches. 2 R. C. p. 78 ch. 194 § 10. And when the act of February 5, 1817, was passed to establish two new banks, that also had a provision of this character in it. 2 R. C. p. 101 c. 201 § 13 cl. 13. These were followed by the act of March 2, 1837 (Sess. Acts of 1836–37 p. 66 c. 82 §§ 6, 9) establishing general regulations for the incorporation of banks, and the Acts of 1845–6 pp. 1176, 156 as to the Portsmouth Saving Fund Society, in which are kindred provisions. In place of these it was provided by the Code of 1849 of Virginia page 581 chapter 144 section 7, that every promissory note for money payable in this State at a particular bank or branch thereof, or at the place of business of a Savings Institution or a Savings Bank shall be deemed negotiable. And

this has remained the law being incorporated, as we have seen, into the Code of W. Va. of 1869. For a brief history of this legislation see 2 Rob. New Practice p. 172 § 9.

This history of our legislation shows, that prior to 1849, no promissory note was negotiable in Virginia, unless it was payable at an incorporated bank or savings institution. And it seems to me, that no change in this respect was introduced by the Code of Virginia of 1849, which only condensed into one numerous preceding laws; and that by the phrase "every promissory note or check for money payable in this State at a particular bank shall be deemed negotiable" used in the Code of Virginia and in our Code (ch. 99 § 7 p. 537) was meant "every promissory note or check payable in this State at a particular *incorporated* bank shall be deemed negotiable."

Now the Bank of Huntington, where the note sued on in this case was payable, was not then an incorporated bank; and a promissory note payable at it like any other promissory note in this State was not negotiable; and therefore the drawer and endorser of this note could not be sued jointly or a joint judgment be taken against them. The judgment rendered by the circuit court in this case must therefore be reversed.

But the defendants in error insist that this Court ought to render such judgment as the court below should have rendered, which they insist is a judgment for the full amount due upon the note and interest thereon against A. G. White the endorser, because, it is claimed, he confessed judgment for this amount, and by our Code (ch. 134 § 2 p. 637) a confession of judgment is a release of all errors. But this judgment was rendered upon proof of the cause of action made to the court and not upon confession of judgment. The language of the judgment is: "The defendant, A. G. White, withdrew his former pleas entered in this cause. Thereupon the plaintiffs moved the court for a judgment against said defendants; and the office-judgment obtained at rules not having been set aside as against the defendant A. G. White, and the defendants failing to appear, though called, and neither party requiring a jury, the cause was by consent of parties submitted to the court. And the court after hav-

ing heard the evidence is of opinion and so finds, that there is now due from the defendants M. L. Hysell and A. G. White upon the debt in the declaration mentioned two hundred and sixty-eight dollars and seventy-six cents including principal and interest and costs of protest, after allowing all legal offsets that the defendants are entitled. Therefore it is considered by the court that the plaintiffs recover against the defendants M. L. Hysell and A. G. White the said sum of two hundred and sixty-eight dollars and seventy-six cents with legal interest thereon from this day until paid and their costs by them about their suit in this behalf expended including $——— as allowed by statute. By consent no execution is to issue upon this judgment until after the expiration of sixty days from the rising of this court against the defendant A. G. White."

It is true this judgment is not very intelligible. From portions of it the inference is inevitable, that when it was rendered, neither of the defendants were in court; for it expressly says: "that the defendants failed to appear though called;" and from other portions of it the inference is equally clear that one or both of the defendants was present, when this judgment was rendered by the court, for it is said: "The cause was by consent of parties submitted to the court." And again: "By consent no execution. is to issue upon this judgment until after the expiration of sixty days from the rising of this court against the defendant A. G. White." It may be impossible from so confused a record to determine certainly, whether the defendants or either of them were present in court, when this judgment was rendered; but one thing does appear sufficiently clearly, that is, if the defendant, A. G. White, was present, he did not confess his indebtedness to the plaintiffs, though he did not controvert it, but left it to them to prove their case to the satisfaction of the court, which they proceeded to do and did do in a satisfactory manner; or as the record says: "And the court having heard the evidence is of opinion and so finds, that there is now due from the defendants" (a specified sum for which judgment is rendered). This is no judgment by confession but a judgment rendered by the court on satisfactory proof being produced. In this respect it resembled exactly the

case of *Holliday et al.* v. *Myers et al.*, 11 W. Va. 298. And with reference to that judgment Judge Haymond said on page 298:

"This judgment, it seems to me from its form and language, is a judgment rendered upon the proof of the cause of action made to the court, and not upon confession of judgment. This judgment is expressed on its face to be a judgment rendered upon proof of the cause made to the court, and being so expressed, it should therefore be so considered. The judgment is not such a judgment as is entered by *non sum informatus*; or by confession, or *cognavit actionem*; or *nil dicit*, as it is termed; or by default under our statute for failure to appear after having been duly summoned: *Richardson et al.* v. *Jones*, 12 Gratt., Judge Lee's opinion, p. 53; Stephens on Pl. side page 109."

We may well adopt and apply this language to the case before us.

In *Carlon's Adm'r* v. *Ruffner et al.*, 12 W. Va. 309 § 7 syl. p. 298, it was decided in the language of Judge Moore that "the other defendants having withdrawn their pleas, and suffered the plaintiff to prove his cause of action, as the face of the judgment shows, the judgment as to them, under the principles enumerated in *Holliday's Ex'ors* v. *Myers, &c.*, 11 W. Va. 276, was not one by default, nor is it by confession; but it is a judgment rendered upon proof of the cause made to the court, and without an issue joined between the parties then before the court."

This is obviously the character of the judgment in this case. It is not, as these cases show, a judgment by confession; and therefore the statute referred to has no application.

There are other errors in the record; but it is unnecessary to notice them, especially as some of the most important of them may not perhaps be regarded as fairly arising on the record. The circuit court for instance erred in sustainig the demurrer to the plea that Mary L. Hysell was, at the time she executed the note in the declaration mentioned and when the plea was filed, a married woman. See *Stockton* v. *Farley*, 10 W. Va. 178 and 179, and *Tavenner* v. *Barrett*, 21 W. Va. p. 692. In such case it is not necessary to allege in the

plea, that she was living with her husband. If she was not, that fact is an answer to the plea to be set up in replication. But it is questionable, whether this plea constitutes a part of the record as the record states, that it was rejected, and no bill of exceptions was taken; but on the other hand in apparent contradiction of such rejection the record also states, that this plea was demurred to and the demurrer sustained. If this was really the case, it was an error.

From the views we have expressed it is obvious, that no joint suit against M. L. Hysell and A. G. White can be sustained; and therefore in this suit it is impossible by any amendment of the declaration to make it a good declaration. It is therefore useless to give the plaintiffs leave to amend the declaration; and this Court must do what the court below should have done, sustain the demurrer to the declaration and render judgment for the defendants. If White is liable because of that endorsement of this note, as the note is not a negotiable note, his liability is not that of an endorser but of an assignor, which is but a collateral obligation—a guaranty. If M. L. Hysell is a married woman living with her husband, she cannot be sued at law but only in a court of chancery. See *Stockton* v. *Farley*, 10 W. Va. 171.

Our conclusion is, that the judgment of the circuit court of June 12, 1874, must be reversed and annulled, and the plaintiffs in error must recover of the defendants in error their costs in this Court expended; and this Court rendering such judgment, as the circuit court of Cabell should have rendered, doth sustain the demurrer to the declaration; and it is considered, that the plaintiffs take nothing by their bill but for their false clamor be in mercy, &c.; and that the defendants go thereof without day and recover against the plaintiffs their costs by them about their defence in this behalf expended.

THE OTHER JUDGES CONCURRED.

JUDGMENT REVERSED.