## CHARLESTON.

### McKenzie v. Ohio River Railroad Co.

Submitted June 19, 1885.—Decided December 8, 1885.

1. Under the provisions of our statute—Code, ch. 66—a married woman, living with her husband, may maintain an action at law for injuries done to her separate real estate by the construction and operation of a railroad, without uniting her husband in the action. (p. 308.)

2. If in such action the plaintiff desires to recover damages not only for the disturbance to the possession but for permanent injury to the property, the declaration should show by proper averments that its object was to recover damages for such permanent injury. (p. 309.)

3. If, however, the declaration does not contain such averments of permanent injury to the property, it will not for that cause alone be bad on demurrer; and if the plaintiff offers to the jury without objection by the defendant evidence of such permanent injury, the plaintiff may recover therefor on such declaration, and such recovery will be a bar to any future action for such injury. (p. 309.)

4. A deed from a husband to his wife for real estate, while inoperative and void at law, is nevertheless valid in equity and will confer upon the wife a good equitable estate, which in all cases will be enforced against the husband by a court of equity. (p. 310.)

5. Where a wife has the possession and is such equitable owner of real estate, she may, under the provision of our bill of rights, sec. 9, Art. III. Const., recover damages from a railroad company for injuries done to such real estate by the construction and operation of its road, without uniting her husband in the action. (p. 312.)

6. In such action it is not error for the trial-court to permit the plaintiff to read to the jury a deed made to plaintiff by her husband for such real estate. (p. 313.)

*Leonard & Caldwell* for plaintiff in error.

*Loomis & Tavenner* for defendant in error.

Snyder, Judge :

Trespass on the case brought October, 1884, in the circuit court of Wood county by Maria McKenzie against the Ohio

River Railroad Company, to recover damages for alleged injuries done to the plaintiff's property by the construction and operation of the defendant's railroad.

The defendant demurred to the plaintiff's declaration which demurrer being overruled, the defendant pleaded not guilty, on which issue was joined, a trial had by jury and a verdict found in favor of the plaintif for $250.00. The defendant moved the court to set aside the verdict and grant it a new trial; the court overruled said motion, and on December 22, 1884, entered judgment for the plaintiff on the verdict and the defendant excepted. During the trial the defendant took two bills of exceptions, in one of which all the evidence is certified. To review the action of the court in overruling the demurrer to the declaration and the alleged errors set out in said bills of exceptions the defendant obtained this writ of error.

The declaration alleges, in effect, that the plaintiff was at the time of the injury complained of and still is lawfully possessed of two certain houses and lots, Nos. 41 and 44 on Green street in the town of Williamstown in Wood county, on which lot No. 41, is situated the dwelling in which she and the family reside, and also a carpenter shop of the plaintiff from which she derived profits by the manufacture and sale of implements and commodities; that said lots and buildings were of the value of $4,000.00; that said Green street was and is a public road and highway; that on the — day of ——, 1883, the defendant, wrongfully intending to injure the plaintiff and deprive her of the uninterrupted use and enjoyment of her property and without her consent, did construct and make a certain railway-track along said Green street near to, in front of and adjoining said lots, dwelling-house and shop, so as to occupy and appropriate said street in front of the plaintiff's property; that the defendant, during all the period from the laying of said track to the bringing of this action has placed and kept thereon divers freight and passenger cars and caused the same to be moved and propelled to and fro over and along said track by means of locomotives or steam engines attached thereto, causing great noises and sounds with bells and steam whistles, thereby rendering it dangerous, inconvenient, and unsafe for the plaintiff to travel

over and use said street; and also by means of the premises she has been hindered and prevented from having access to and egress from her said lots and houses and from exercising and carrying on her usual business in so beneficial a manner as she did before the committing of said grievances by the defendant, and as she would have continued to do but for said grievances, and she has thereby been deprived of great gains and profits which she otherwise would have derived therefrom and has sustained damages to the amount of $2,000.00.

The planitiff in error contends that the court erred in overruling its demurrer to the declaration. *First*, because the plaintiff, being a married woman living with her husband, could not bring this action without joining her husband; *Second*, she cannot, without joining her husband, recover damages done to the property of a permanent nature; and *Third*, the declaration is not sufficiently specific as to the extent and nature of the injury for which the damages are claimed. It is a sufficient answer to the said *first* and *second* grounds, so far as they arise upon the demurrer, to say, that there is nothing upon the face of the declaration to show, either that the plaintiff was a married woman or that she is claiming damages for any permanent injury to her property. But as these objections may be considered as properly presented in another form by the record in this case, it may be as well to dispose of them here.

In *Mathews* v. *Greer*, 21 W. Va. 694, this Court decided that "The statutes of this State—ch. 66 of Code—authorize a married woman, living with her husband, to maintain an action *at law* for the recovery of the possession of her separate real property without uniting her husband in the action."

It seems to me, very clear that, if the wife can sue alone to recover possession of her real estate, she may *a fortiori* sue to recover damages for injuries done to such estate. In *Whidden* v. *Coleman*, 47 N. H. 297, it was held to be improper to join the husband with the wife in such an action.

This Court in *Smith* v. *Railroad Co.*, 23 W. Va. 451, held that, all damages of a permanent character for injuries done to real estate by the construction and operation of a railroad may be recovered in one action at law, and that after such recovery of the entire damages no second action can be

brought, except for damages which did not necessarily result from the building and proper use of the road.   In the conclusion of the opinion in that case Judge Green says: "Upon the principles laid down in these cases, the plaintiff could recover the entire damages in one action at law which resulted from the making of this railroad through the street; and he should so frame his declaration as to enable him to do so, for he can not maintain repeated actions at law to recover of the railroad company damages necessarily resulting from the running of its railroad through said street for this it has a right to do."

Ordinarily possession alone is sufficient to entitle the plaintiff to recover in trespass.   *Storrs* v. *Fieck*, 24 W. Va. 606; *Gillison* v. *Charleston*, 16 *Id.* 282; *Snyder* v. *Meyer*, 3 *Id.* 198.

The declaration, therefore, in this case is sufficient on demurrer, because it expressly avers that the plaintiff was in possession of the premises.   But in a case like this, as shown by the evidence, the plaintiff should have alleged both title to, and possession of, the premises, as also that her property had been permanently damaged and rendered of less value by reason of the construction and operation of the defendant's railroad, and that it would continue in future to be of less value by reason of the existence and operation of said railroad.   This would have given the defendant distinct and proper notice of the character and extent of the injury for which she was claiming damages.   If without such averments the defendant had objected to the introduction of evidence tending to prove future and permanent injury to the plaintiff's property, the court would have refused to admit such evidence until the plaintiff had amended her declaration by making the proper averments therein.   The defendant, however, did not object to the evidence on that account, and as the plaintiff can not bring a second action for such future and permanent injury, the defendant can not in this Court for the first time complain either that the declaration was insufficient or that such evidence was improperly introduced on the trial in the court below.   This view is made entirely plain in the cases of *Spencer* v. *Railroad Co.*, 23 W. Va. 407; *Smith* v. *Railroad Co.*, *supra*; and *Johnson* v. *Parkersburg*, 16 *Id.* 402.

There is certainly nothing in the *third* ground assigned for the demurrer to the declaration. *Hawker* v. *B. & O. R. R. Co.*, 15 W. Va. 629; *Berns* v. *Coal Co.*, *supra*, 285.

During the trial the plaintiff offered in evidence to the jury a deed, dated June 7, 1869, from A. C. McKenzie to the plaintiff for lot No. 41 in the declation mentioned, which conveys to her said lot "for her sole use and benefit" in consideration of $1,000.00, the said A. C. McKenzie being at the time of said conveyance the husband of the plaintiff. To the reading of said deed to the jury the defendant objected, but the court permitted said deed to be read to the jury "not as evidence of title, but as evidence of the plaintiff's claim to the property, lot No. 41, accompanied with evidence of her possession under it," and the defendant excepted. This action of the court is assigned and relied on as error by the plaintiff in error.

It is manifest from the bill of exceptions, that the objection to this deed was not because the plaintiff had failed to aver in her declaration title to the lot or permanent injury thereto, but solely on the ground that it was void being a conveyance from a husband to his wife. This case was tried throughout as if the plaintiff's declaration had set out a claim for the permanent injury done to her property by the defendant, and upon the concession that she was entitled to recover for such injury. There was no objection to evidence or instruction asked by the defendant which did not admit such right on the part of the plaintiff. It follows therefore from what we have before said that this action must be treated by this Court as brought to recover damages for the permanent injury occasioned to the plaintiff's property by the defendant's railroad, including both past and prospective damages. So considering the action, the plaintiff must not only show possession but title to the property. The question then presented is not whether said deed should be admitted as evidence of the plaintiff's right to the possession of the property, as seems to have been the view of the circuit court, but whether it could have been properly admitted to show title in the plaintiff.

By the common law all contracts made directly between husband and wife are void, on the ground that the common

law regards them as but one person, and that coverture takes from the wife the freedom of will essential in every contract, though they might contract with each other indirectly by having a third person intervene. But when the husband for a consideration allowed the wife to be the recipient, she might with his consent become the grantee in a deed or obligee in a bond by a contract with a third person, and upon the survivorship of the wife they would vest in her. In equity, however, husband and wife could contract with and convey to each other, though not so freely as third persons, by equity holding the husband a trustee for the benefit of his wife in conveyances from him to her for value, or as a provision for her, although the legal title continued in the husband. If the conveyance was founded upon a valuable consideration equity would enforce it in favor of the wife even against the creditors of the husband, otherwise it would only do so against the husband. *Shepard* v. *Shepard,* 7 Johns ch. 57 ; *Powell* v. *Powell;* 9 Humph. 477 ; *Wallingsford* v. *Allen,* 10 Pet. 583.

Now under our statute—Code, ch. 66—and similar enabling statutes of other States, these indirect conveyances between husband and wife are still valid both at law and in equity and the direct conveyances from the husband to the wife remain unchanged by the statute and will be enforced in equity but not in law. The statute has not taken away any former right or created any new disability. Where the wife acquires property by conveyance from a third person the statute gives her the legal title, but where the conveyance is directly from her husband the statute has no effect and the wife acquires only an equitable estate which a court of equity alone can enforce. The legal title in such case remains in the husband as trustee for the wife. Such direct conveyance, however, confers upon the wife the whole beneficial interest and estate, leaving in the husband nothing but the mere legal title without any beneficial interest or estate. Kelley on Married Women, ch. 6, secs. 8 and 10, and cases cited.

Thus we find that the deed now in question from A. C. McKenzie to his wife, the plaintiff, is not void, but operated to convey to the plaintiff an equitable title and the whole beneficial estate in the property therein mentioned. The

question then presented is, can the plaintiff, having the possession and the whole beneficial interest in the property, but not the legal title, recover in this action for damages done to her property of a permanent nature without having the trustee of the legal title before the court?

In *Hutchinson* v. *Parkersburg*, 25 W. Va. 226, which, like this action, was brought to recover damagee for injury to real estate under our bill of rights—Constitution, Art. III. sec. 9—this Court held, that a husband, who is the equitable owner of a lot holding the legal title to one moiety of it only, while the legal title to the other moiety subject to his life estate is in his wife, might recover the entire damages done to the lot without joining the wife in the action, where the only plea of the defendant was not guilty.

It is stated in the opinion of the court in that case: "Where two should join, and only one brings a suit for a tort, such misjoinder can only be pleaded in abatement. And this general rule applies to suits for torts to real as well as personal property."—25 W. Va. 240, citing *Bradick* v. *Schenck*, 8 Johns. 151, and other cases.

It is also stated in that opinion that, while this general rule could have no application to an action brought by a husband for injury to property in which he has no legal interest in his own right, it does apply where the husband owns the whole equitable estate and the legal estate in a moiety of the property, and in such case no advantage can be taken of the nonjoinder of the wife except by plea in abatement.

It seems to me, however, that in the case at bar, the plaintiff had the positive right to maintain this action without joining her husband in it. She had the actual possession of the lot, which of itself would have entitled her alone to recover for a mere nuisance or disturbance of the possession. *Whidden* v. *Coleman*, 47 N. H. 297.

She is also the absolute fee simple owner of the entire beneficial estate in the lot, the husband being a mere trustee holding the legal title without any beneficial interest other than he would have if the wife was the absolute owner of the legal as well as the equitable estate. It is not questioned that, if the wife had the legal estate as her separate property, she would be entitled to recover in this action. I can not discover

any reason for uniting the husband in this case which would not apply to a case where she held the legal title. In either case she alone would be entitled to the damages recovered. The husband is no more entitled to the damages in the one case than in the other; and as he is not entitled to the damages recovered in the one case, it necessarily follows that he is not in the other. The wife being thus by reason of having the possession entitled to maintain this action, and by reason of her equitable ownership of the property entitled to all the damages recovered, the husband had no interest in the action and could not in any future or other action recover for the injury to the property from the defendant. The judgment of the court in this action in favor of the wife would bar any action for the same injury whether brought by the wife alone, the husband alone or the wife and husband jointly. The defendant is consequently fully protected by such judgment against a future action for the same cause by the husband or the husband and wife, and this it seems to me is a complete answer to any objection it can properly urge to this action.

Having determined that the wife alone as the equitable owner of lot No. 41 was entitled to maintain this action, it was of course proper for the court to permit the deed of June 7, 1869, to her from her husband for said lot to be read in evidence to the jury not only as evidence of her right to the possession but as evidence of title to the lot. The court, therefore, did not err in permitting said deed to be read to the jury.

The only remaining assignment of error is to the refusal of the court to set aside the verdict of the jury and grant the defendant a new trial. Having reached the conclusion that the court committed no error in law, and the verdict being fully sustained by the plaintiff's evidence, excluding that portion of the defendant's evidence which conflicts with it, as we must do under the well established rule in such cases, the court did not err in refusing to set aside the verdict. The judgment of the circuit court is affirmed.

Affirmed.