SAMUEL C. HARRIS *vs.* EMMA E. BAKER.

Suffolk.   November 14, 1916. — February 28, 1917.

Present: RUGG, C. J., LORING, DE COURCY, CROSBY, & CARROLL, JJ.

*Bills and Notes.   Negotiable Instruments Act.*

Under the provisions of the negotiable instruments act contained in R. L. c. 73, § 121, cl. 1, that a notice of the dishonor of a promissory note, if sent by mail, "must be deposited in the post office in time to go by mail the day following the day of dishonor, or if there is no mail at a convenient hour on that day, by the next mail thereafter," the mailing of such a notice in Boston to an indorser in Somerville, there being twelve mails daily between the two cities but only four deliveries daily in Somerville, at 8.30 P. M. on the next business day after the day of dishonor, does not in itself show that the notice left Boston that night, and, in an action on the note against such indorser, if the plaintiff shows only such a mailing of the notice, it cannot be ruled as matter of law that the plaintiff has sustained the burden resting on him to show that the notice to the defendant was "deposited in the post office in time to go by mail" on the required day.

CONTRACT on a negotiable promissory note for $125 made by R. E. Baker of South Sudbury and indorsed by the defendant. Writ dated January 14, 1916.

In the Superior Court the case was tried before *Morton*, J. The material evidence is described in the opinion. The plaintiff, among other requests, asked the judge to make the following rulings:

"3. The sending of notice of dishonor of the note to the defendant by the plaintiff rendered the defendant liable.

"4. The defendant is liable as indorser."

The judge refused to make either of these rulings, and ruled that the notice given did not constitute sufficient evidence of a compliance with the statute. He found for the defendant, and the plaintiff alleged exceptions.

The material provisions of the negotiable instruments act are contained in R. L. c. 73, § 121, cl. 1, § 124, and are as follows:

"Section 121.   Where the person giving and the person to re-

ceive notice reside in different places the notice must be given within the following times:

> 1. If sent by mail it must be deposited in the post office in time to go by mail the day following the day of dishonor, or if there is no mail at a convenient hour on that day, by the next mail thereafter."

"Section 124. Where a party receives notice of dishonor he has, after the receipt of such notice, the same time for giving notice to antecedent parties that the holder has after the dishonor."

*J. W. Keith*, for the plaintiff.

*B. A. Lockhart*, for the defendant.

RUGG, C. J. The single question presented by this record is whether seasonable notice of non-payment was given to the defendant to hold her as an indorser upon a promissory note. The facts are that the note was deposited by the plaintiff, who was a holder for value, with the Liberty Trust Company for collection, and was duly protested for non-payment on Friday, October 1, 1915. Notice was sent to the plaintiff, together with another notice addressed to the defendant. These notices were received by the plaintiff on Saturday, October 2. The notice addressed to the defendant at her residence in Somerville was mailed at Boston, postage prepaid, on Monday, October 4, and was postmarked at 8.30 P. M. There was no other evidence as to the time on Monday when it was deposited in the mail. It was received by the defendant on October 5. There were twelve mails daily between Boston and Somerville, but only four deliveries daily in Somerville. There was no evidence as to the time when these mails were scheduled to leave Boston. The judge found for the defendant, ruling that the notice did not constitute compliance with the statute, and denying requests of the plaintiff to the effect that the defendant was liable.

The governing provisions of the negotiable instruments act are R. L. c. 73, § 121, cl. 1, § 124. No controversy is made except as to the seasonableness of the notice sent by the plaintiff to the defendant. As that notice to the defendant was sent by mail and on the right day, the precise question is whether it was deposited in the post office "in time to go by mail" on that day within the meaning of those words in the act.

The plaintiff might prove that he deposited the letter in the post office in time to go by mail, either by showing the time of deposit in the post office and the regular and ordinary time of departure of mails or by showing that in fact it did go by mail. The evidence did not require a finding of either of these facts in favor of the plaintiff as matter of law. The only evidence offered as to the time when the letter was deposited in the post office was the hour of the postmark. There was no evidence that a letter postmarked in Boston at 8.30 P. M. on Monday, October 4, was forwarded to Somerville on that day or that after that hour a regular mail left for Somerville on that day. It well may be that it did not leave Boston until the following morning. At all events, there was no evidence requiring a finding that it did in truth "go by mail" on that day. The words "go by mail" mean, we think, an actual departure in the course of mail from the post office in which the notice was deposited in case there is a mail departing from that post office toward the destination of the notice at "a convenient hour" on that day. Manifestly, with twelve mails daily from Boston to Somerville, being adjoining cities, some of them must have departed at a convenient hour during the business day of October 4. The finding was not required that any regular mail departed from Boston for Somerville after 8.30 P. M. It is not as matter of law necessarily a compliance with the statute when [under these circumstances the notice was mailed so late in that day as to render it extremely doubtful whether it left Boston until the following morning. That it remained in Boston over that night was an hypothesis on the evidence quite as probable as that it left Boston on October 4. It could not be ruled as matter of law that the plaintiff sustained the burden required by the statute and resting on him to show that the letter containing the notice to the defendant was "deposited in the post office in time to go by mail" on the required day.

This conclusion is in accord with *First National Bank of Shawano* v. *Miller,* 139 Wis. 126, and with the reasoning of *Farmers National Bank* v. *Howard,* 71 W. Va. 57. Apart from the negotiable instruments act the same result would be necessary. *Haskell* v. *Boardman,* 8 Allen, 38. See *Mackintosh* v. *Gibbs,* 52 Vroom, 577, 582.

*Exceptions overruled.*