# CHARLESTON.

SMOOT *v.* McGRAW.

Decided April 21, 1900.

1.  ACTION—*Debt or Assumpsit—Pleading.*

    In an action of debt or *assumpsit* upon a promissory note or bond it is indispensable to aver nonpayment, and that to every party connected with the note entitled to receive payment, whether payee, assignee, decedent, or representative, or survivors of deceaents, and each one of parties jointly entitled to receive payment. (pp. 146, 147).

2.  DECLARATION—*Negotiable Note—Averment.*

    In a declaration upon a non-negotiable note, an averment that a person "indorsed" it, instead of the word "assigned" it, is equivalent to the word "assigned" on demurrer. (p. 147).

Erro to Circuit Court, Taylor County.

Action by J. R. Smoot against John T. McGraw. Judgment for plaintiff. Defendant brings error.

*Affirmed.*

W. R. D. DENT and JOHN L. HECHMER, for plaintiff in error.

B. F. BAILEY, for defendant in error.

BRANNON, JUDGE:

J. R. Smoot brought *assumpsit* in the circuit court of Taylor County against John T. McGraw upon a promissory note made by McGraw to Hoffman Sommers, and transferred by Sommers to Francis M. Durbin, and by Durbin to Smoot. A jury trial was had, resulting in a verdict for Smoot, and judgment was rendered thereon, and McGraw sued out a writ of error. McGraw's counsel have no brief. The assignment of error is all we have to specify the grounds of complaint against the judgment. McGraw assigns as error the overruling of his demurrer to the declaration. It is claimed that the declaration does not aver that the assignee of the note by Durbin to Smoot was made after the assignment by Sommers to Durbin. I think it does. After stating the execution of the note by McGraw to Sommers, the declaration says, "and the said Hoffman Sommers, after the

making of the said promissory note, before the payment of the sum of money therein specified, to-wit, on the day and year aforesaid, endorsed the said note, by which said endorsement he, the said Hoffman Sommers, ordered and appointed the said sum of money to be paid to Francis M. Durbin, and then and there delivered the said promissory note so endorsed as aforesaid to the said Frances M. Durbin; and the said Francis M. Durbin, before the payment of the said sum of money therein specified, to-wit, on the day and year aforesaid, endorsed the said promissory note, by which said endorsement he, the said Francis M. Durbin, ordered and appointed the said sum of money in the said promissory note specified to be paid to the said plaintiff, and then delivered the said promissory note so endorsed as aforesaid to the said plaintiff." This declaration states in order of time and sequence, first, the execution of the note; next, its endorsement by Sommers to Durbin; next, its endorsement by Durbin to Smoot. The declaration first states a complete assignment from the payee to Durbin, and then states an assignment from Durbin to Smoot. How could Durbin assign to Smoot until after Sommers' assignment to him? Both assignments are stated, one after the other in order.

The next point of complaint under the head of demurrer is that the declaration does not state that the defendant did not pay the note to the payee or his immediate assignee after the assignment to the plaintiff, no notice of any of the assignments having been given to the defendant. Plaintiff's counsel seeks to meet this point by saying that a declaration need not aver non-payment to Sommers or Durbin after Durbin's assignment to Smoot. I do not concur in this position, for I think that the declaration must contain a breach of obligation or duty, a wrong done to give cause of action, which wrong or breach of duty, in the case of a promissory note, is the non-payment of the debt; and an averment of non-payment being essential, if the note has passed through several hands, the declaration must aver that it was not paid to any of those who had authority to receive payment. JUDGE GREEN's opinion in *Douglass v. Central Land Co.*, 12 W. Va. 502. If notice to McGraw of assignment had been averred, as the forms prescribed (4 Rob. Prac. 192), it would only be necessary, to aver non-payment to assignor before such notice, as thereafter the assignor could not receive payment;

but that being omitted, the averment spoken of becomes neces-sary in this particular case. Therefore, it is necessary that the declaration show that this note was not paid to either Sommers, or Durbin after its assignment to Smoot. It does show that it was not paid to Smoot after he acquired the note, or to Som-mers or Durbin before its assignment to Smoot; but does it show that it was not paid to Sommers or Durbin after assign-ment to Smoot? I think the declaration can be held to do so. It avers that the defendant "hath not as yet paid the said sum of money to the plaintiff since the assignment to him, or to the said Hoffman Sommers or to the said Francis M. Durbin before the said assignment thereof to this plaintiff, although often re-quested so to do, but to pay the same the said defendant hath hitherto wholly refused." This does not in words say that pay-ment since the assignment to Smoot, had not been made to Som-mers or Durbin, but it does in effect and construction say so, by the use of the words, "but to pay the same the said defendant hath hitherto wholly refused." That clause asserts non-pay-ment to any party or person from the execution of the note down to the suit. Surely, we should not be so technical as to reverse a judgment on such slender ground as this, especially in view of the curative spirit of section 29, chapter 125, Code, which says that a demurrer shall not be sustained for any defect or imperfection in the declaration, unless there be omitted some-thing so essential to the action that judgment according to law and the very right of the case cannot be given. I do not say that that statute dispenses with the call for a declaration show-ing lagal cause of action, but I refer to it as a remedial statute, especially in connection with the last clause quoted above from the declaration, which I think is in itself, without the aid of that staute, plain to show a denial of payment to any and every party to the note from its execution down to the institution of the suit.

Another assignment of error is, that the court erred in permit-ting the bill of particulars to be filed. The defendant himself moved the court to require the plaintiff to file the bill of particu-lars. The declaration being a good one on a promissory note, required no bill of particulars, being definite in itself. When the plaintiff filed the promissory note as his bill of particulars, there was no error in allowing it, simply because it was surplusage,

useless, and further, because it was a sufficient and certain bill of particulars, in law importing and specifying legal indebtedness.

Another assignment of error is that the court erred in not excluding the evidence, the note, from the jury. I do not think this exception can be made in the absence of a motion for a new trial. *Brown* v. *Brown,* 29 W. Va. 777. Considering the matter, however, it is said that no assignment to the plaintiff was shown by the evidence. The note was shown, and endorsed upon it were the names of Hoffman Somers, first, and F. M. Durbin, next. That showed an assignmentt to the plaintiff. A mere delivery of a promissory note, with intent to assign, is a good assignment. It is well settled that an endorsement of the obligee's name merely, coupled with delivery, is a valid assignment, such a blank endorsement importing an authority to any *bona fide* holder to write over the name a full assignment or endorsement to him, "and in fact, without being filled up, may be regarded, for all purposes of pleading and evidence, as a full assignment or endorsement. Courts will consider that as done which may be done, and will not even require the formality of writing out a full assignment or endorsement at the trial. This is the uniform practice in regard to ordinary bonds and notes, and is convenient and legal." *McGuire* v. *Pierce,* 9 Grat. 167, 178; 3 Minor 434. The plaintiff produced this note in evidence, and his possession, in connection with such endorsements, was evidence of assignment, and assignment to him, and of his ownership of the note. In this connection, though it might be more pertinent in discussing the demurrer, I note that the declaration, instead of being the one always used in actions by an assignee against the maker of a non-negotiable note or bond, averring an assignment, does not allege an assignment otherwise than by the use of the word "indorsed," a word applicable only to negotiable instruments, and the question occurred to my mind whether this alleged an assignment to the plaintiff of a non-negotiable note, as this is. An assignee, not being payee, must show his title by averring an assignment. 1 Barton's L. Prac. 321. I find, what is reasonable, that the courts have have held that the use of the word "indorse" will operate as the word "assign" in pleading the assignment of a non-negotiable instrument. 1 Barton's L. Prac. 237; *Freeman's Bank* v. *Ruckman,* 16 Grat. 126.

Seeing no error we affirm the judgment.

*Affirmed.*