# CHARLESTON

FARMERS NATIONAL BANK *v.* HOWARD *et al.*

Submitted January 21, 1911.   Decided October 8, 1912.

1.  BILLS AND NOTES—*Actions—Pleadings.*

   In an action by the holder of a negotiable note against the in-
dorsers only, it is not necessary to aver non-payment by the
maker.  (p. 57).

2.  SAME—*Actions—Evidence.*

   Possession of a negotiable note, indorsed in blank by the
payee, is *prima facie* proof of title.  (p. 58).

3.  SAME—*Protest—Notice by Mail.*

   Proof that notice of protest, properly addressed and stamped
was deposited in the post office at the place of protest, in time
to go by mail on the day following the day of dishonor, estab-
lishes due notice.  (p. 59).

4.  SAME.

   Addressing the person as "Treasurer" does not affect the
validity of the notice to him as an individual, if he is in-
dividually bound on the dishonored paper.  (p. 59).

5.  APPEAL AND ERROR—*Disposition of Causes—Correction of Judg-
   ment.*

   When it clearly appears that there is an error in the amount
of the judgment appealed from to the prejudice of the defend-
ant in error, and the record contains data by which the same
can be corrected, this Court will make the correction although
no motion to correct it has been made in the court below, and
will then affirm the judgment, unless there be other errors.
(p. 60).

Error to Circuit Court, Ohio County.

Aciton by the Farmers' National Bank of Claysville against
John A. Howard and others.   Judgment for plaintiff, and de-
fendants bring error.

*Affirmed.*

*T. S. Riley* and *J. B. Handlan,* for plaintiffs in error.

*Caldwell & Caldwell,* for defendant in error.

WILLIAMS, JUDGE:

Farmers National Bank of Claysville recovered a judgment
for $4,000.15 against John A. Howard, William C. Handlan and

Samuel W. Harper, three several indorsers upon a negotiable note made by the National Telephone Company of West Virginia, payable to its own order and indorsed by it to said Howard; and defendants have brought the case here on writ of error.

It is insisted that the demurrer to the declaration should have been sustained for the reasons that, (1) the declaration does not aver non-payment by the maker of the note, and (2) because it does not show title in plaintiff.  But we do not think these objections are valid.  The maker of the note, who is also payee and first indorser, is not a party to the action; it is against the three several indorsers only.  The making of a negotiable note, and each subsequent indorsement and transfer thereof constitute separate promises, or undertakings; and formerly the holder's remedy was against the maker and indorsers separately.  He could bring several suits at the same time, but, of course, was entitled to but one satisfaction.  3 Min. Inst. 441; 2 Dan. Neg. Inst. (5th ed.) sec. 1203.  But by virtue of statute, sec. 11, ch. 99, Code 1906, he is now permitted to sue the maker and the several indorsers, or any intermediate numbers of them, jointly.  The giving of the right thus to sue and obtain a joint judgment, however, does not create joint promises of the several undertakings of the maker and indorsers; the nature of such undertakings remains the same as at the common law.  The Statute, which relates to the remedy only, simply permits a joint action to be brought on separate and distinct promises.

In the present case the maker of the note is not sued; its promise to pay is only the inducement to the promises declared on, and hence it was not necessary to aver non-payment by the maker; the breach of its promise was not a material matter. It was only necessary to aver a breach of the promise, or promises, sued on, which are the implied promises of the several indorsers.  *Reynolds* v. *Hurst,* 18 W. Va. 648; 14 Enc. Pl. & Pr. 545; *Page* v. *Snow,* 18 Mo. 126; *Perkins* v. *Conley,* 4 Blackford (Ind.) 187.  The breach, constituting the cause of action in the present case, consists in the failure of the three several indorsers who are sued, to pay; and that is sufficiently averred. The promise of the maker is not sued on and, therefore, its breach need not be averred.  1 Chitty Pl. 332-333.

In an action upon a negotiable note it is essential that the

declaration show that the plaintiff has title, and, therefore, a right to maintain his action. *Bank* v. *Hysell,* 22 W. Va. 142. Counsel for defendants say that the declaration does not show plaintiff's title. We think it does. It avers that the National Telephone Company of West Virginia made its note on the 22nd of April, 1910, payable to its own order, in sixty days, at the Farmers National Bank of Claysville, Pennsylvania; that on the same day it indorsed and delivered the note to John A. Howard; that he indorsed and delivered it to Samuel W. Harper; that said Harper likewise indorsed and delivered it to William C. Handlan; and that said Handlan "indorsed and delivered" it to the plaintiff, all on the day of its date. Does not this show plaintiff to be the owner of the note? What more is needed to pass title to negotiable paper than the indorsement by the holder and delivery of possession? Having been indorsed in blank by the payee, the note might thereafter have been transferred by delivery, even without further indorsement; because it then became, in effect, a note payable to bearer, title to which would pass by mere delivery. 1 Dan. Neg. Inst. (5th ed.) secs. 663 and 729. The averment is not only sufficient to show title in plaintiff, but is a complete deraignment of its title from the maker down through all the different holders.

It is likewise urged that plaintiff's ownership of the note was not proven. The action was tried by the court, in lieu of a jury, upon the general issue of *non-assumpsit;* the note and certificate of protest were produced by plaintiff's counsel and identified by witness W. H. McDaid, the notary who protested it. Possession by plaintiff's attorney was, in law, plaintiff's possession; and possession of a note, indorsed in blank, is *prima facie* proof of ownership. *Bank* v. *Simmons,* 43 W. Va. 79; 1 Dan. Neg. Inst. (5th ed.) sec. 812, and numerous cases cited in note. Defendant offered no evidence, and such *prima facie* proof was sufficient to establish plaintiff's title.

It is claimed that no notice of protest was given to Samuel W. Harper. But the record establishes the contrary. It was proven that the notary enclosed notice in an envelope, addressed to "Sam. W. Harper, Treas." at Wheeling, West Virginia, and placed it in the post office at Claysville, Pennsylvania, on the

evening of the day on which the note was protested. That was all the law required. Sec. 104, ch. 81, Acts 1907. He is presumed to have received it in due course of mail. Sec. 105, ch. 81, Acts 1907.

That the notice was addressed to him as treasurer, is immaterial. The purpose of the address is to insure delivery to the proper person by the post master; and the addressee was as likely to receive the notice, addressed to him in that manner as if it had been addressed to him by name only. The certificate of protest shows that it was against the maker and all of the indorsers, in their individual capacity. By reading it Mr. Harper was advised that his personal indorsement of the note in question had been protested. A question bearing some analogy to this was decided in *Bank* v. *Wetzel,* 58 W. Va. 1, in which it was held that: "A notarial notice of protest of non-payment of a note addressed to an endorser as if living, when the endorser is dead, if actually received by his administrator, is good to charge such endorser's estate."

Counsel for plaintiff cross assigns error, in that he says there is a mistake in the amount of the judgment, that it is seventy dollars less than it should have been. The mistake is clearly shown by the record, for the amount of the court's finding is $4,070.15, while judgment is rendered for $4,000.15. Sec. 6, ch. 134, Code 1906, authorizes the correction of such a mistake by this court although no motion to have it corrected has been made in the court below. That the mistake is less than the amount necessary to give right of appeal to this Court is not material. The case being here on other assignments of error which are jurisdictional, gives right to correct an error involving less than the appealable amount. *Jenkins* v. *Montgomery,* 69 W. Va. 795, 72 S. E. 1087; *James* v. *Piggott,* 70 W. Va. 435, 74 S. E. 667. The judgment will be corrected so as to read four thousand and seventy and 15/100 dollars, instead of four thousand and 15/100 dollars; and. as thus corrected, it will be affirmed.

*Affirmed.*