W. J. CONNERS, *Plaintiff in Error*, v. J. P. GASKINS, *Defendant in Error.*

Opinion Filed November 23, 1921.

1. Where a party is not injured by the rulings of a trial court upon his pleas, but is allowed to avail himself, under the pleas which are filed and not stricken, of the matters sought to be presented under the pleas which are stricken, the rulings will not be considered reversible error even if the pleas stricken should have been allowed to stand.

2. In an action upon a simple contract alleged in the declaration to have been made by plaintiff with the defendant through the latter's agent, a plea of the general issue denies the agency of the person named as the agent of the defendant through whom the contract is alleged to have been made.

3. In an action upon a simple contract, the defense that it was not valid under the statute of frauds is available under the general issue.

4. Evidence examined and found sufficient to support the verdict.

A Writ of Error to the Circuit Court for Palm Beach County; E. C. Davis, Judge.

Judgment affirmed.

*S. C. Kearley,* for Plaintiff in Error;

*A. R. Roebuck* and *Harry. Taylor,* for Defendant in Error.

ELLIS, J.—J. P. Gaskins brought an action against W. J. Conners upon a verbal contract for the sale of one hundred thousand stalks of sugar cane for planting which at the time of the contract was growing in the former's field. It was alleged that the agreed price was one and one-half cents per stalk, that the defendant was to cut and haul the cane, that the defendant cut and hauled only fifty-nine thousand stalks, leaving forty-one thousand stalks in the field uncut, and that the defendant has refused to pay for "any part of said cane so bought." It was alleged that the contract was made by the plaintiff with Loren Brown as the agent of W. J. Conners. Such in substance constituted the first count of the declaration.

The second count alleged that the contract was made by plaintiff with Jim Beyers as the agent of Conners. Both counts alleged that the contract was made "about February, A. D. 1919." The third paragraph of the declaration contains seven counts, of which six are the common counts for goods bargained and sold; work done and materials furnished; money lent; money paid by plaintiff for defendant; money received, and account stated. The last count is for interest on "divers sums of money."

The fourth paragraph is a count in the form of an *indebitatus assumpsit* upon an express promise to pay such a price in money for the goods bargained and sold as the same were reasonably worth, and it was alleged that the

goods were worth fifteen hundred dollars, of which the defendant had notice at the time of sale.

The pleas to the first and second counts of the declaration were identical in so far as they denied the agency of Brown in one case and Beyers in the other. The pleas were, first, the general issue; second, that neither Brown nor Beyers was the defendant's agent, and that neither had any authority to make the contract; third, payment; fourth, the statute of frauds, that no note or memorandum of the agreement was made in writing and signed by defendant, and no acceptance of the goods, or part of them; fifth, that the plaintiff refused to allow the defendant to cut and remove the cane and the same was not done by him or any person for him, and, sixth, that the contract provided that the plaintiff should deliver the cane and load the same on the barge of defendant at Pahokee, Florida, and plaintiff did not deliver and load the same on defendant's barge. As to the common count the pleas were, first, the general issue; second, payment. As to the fourth count the pleas were, first, never promised as alleged; second, statute of frauds, no note or memorandum of the agreement was made in writing and signed by defendant, and no acceptance of the goods or part of them; third, payment, and fourth, never was indebted.

The plaintiff's counsel moved to strike the second, third, fourth, fifth and sixth pleas to the first and second counts; the second plea to the common counts, and the first, second and third pleas to the fourth count. The motion was granted as to the second and fourth pleas to the first and second counts and the first and second pleas to the fourth count, and denied as to the others. This ruling is made the basis of the first six assignments of error.

Issue was joined on the remaining pleas and the parties went to trial; there was a verdict for the defendant, a motion for a new trial was granted, and there was a verdict and judgment for the plaintiff in the sum of $885.00 and interest amounting to $141.60. The defendant seeks to reverse that judgment here upon writ of error.

The defendant moved for a new trial, which motion was overruled. Taking up for consideration the assignments of error as they are discussed in the brief may facilitate the disposition of the case because we will arrive at an understanding as to what issues were sought to be presented and if the defendant was denied the right to present by his pleas a valid bar to the action and could not under the general issue or other pleas that were allowed to stand avail himself of the matters sought to be presented by the pleas stricken, the judgment of course should be reversed. See Parkhurst v. Stone, 36 Fla. 456, 18 South. Rep. 594; Walter v. Florida Savings Bank, 20 Fla. 826; Williams Co. v. Pensacola, St. A. & G. S. F. Co., 57 Fla. 237, 48 South. Rep. 630; Sovereign Camp W. O. W. v. McDonald, 76 Fla. 599, 80 South. Rep. 566. ˙

It is contended that the second pleas to the first and second counts, which pleas denied the agency of Brown and Beyers should not have been stricken as the pleas of the general issue did not deny the agency of Brown and Beyers through whom as the declaration alleged the plaintiff sold the cane to defendant. That position is not tenable. The plea of *non-assumpsit* operates as a denial in fact of the express contract alleged or the matters of fact from which the contract alleged may be implied. See Circuit Court Rules Law Actions No. 64; Young v. Rummel, 2 Hill (N. Y.) 478, 38 Am. Dec. 594; Falconer v. Smith, 18 Pa. St. 130, 55 Am. Dec. 611.

The two counts were founded upon a simple contract alleged to have been made by the plaintiff with the defendant through the latter's agent. The plea of *non-assumpsit* puts the plaintiff upon proving his whole case, and entitles the defendant without prior special notice to give evidence of every thing which shows *ex aequo et bono,* the plaintiff ought not to recover. In establishing the contract declared upon in the two first counts the plaintiff was bound to prove the agency of the parties through whom he sold the goods to defendant. See Chase & Co. v. Miller, 81 Fla. 472, 88 South. Rep. 312.

The bill of exceptions shows that the defendant in his testimony denied the agency of the two persons, but there was evidence on the plaintiff's part to show the authority of Beyers, one of the two men, to make the contract. Mr. Gaskins testified that in January, 1919, Mr. Conners who at that time was on the plaintiff's "place" at Pahokee, recognized Beyers authority and ratified the contract. That evidence if believed by the jury was sufficient to sustain the verdict upon the first count. It is true that the defendant, Mr. Conners, denied making any such admission and denied having any contract with Mr. Gaskins for cane at one and one-half cents per stalk. But the jury decided this matter in favor of plaintiff's account of the transaction. It was not as if the word of one man was taken against that of another, because the jury considered that as the defendant had bought from the plaintiff one hundred thousand stalks of cane of the same crop at two and a half cents per stalk, which the plaintiff was to cut and deliver on defendant's barge at Pahokee, it was difficult to understand why the defendant's employees were in the plaintiff's field cutting and carrying away the cane unless it was as the plaintiff said, pursuant to terms of another agreement

under which the defendant was to do the cutting and hauling away, and because of which he was to pay one cent per stalk less. It is true the defendant explained that the plaintiff had failed to deliver about five thousand stalks of cane under the first contract and that the men employees of the defendant went into the field with plaintiff's consent to get the remaining five thousand stalks, but they took fifty-nine thousand stalks, of which fact the defendant seemed aware, according to the testimony of the plaintiff.

So under the general issue the plaintiff introduced evidence tending to the establishment of his case under the first and second counts, and the defendant produced evidence in denial. The jury decided the question of fact.

The fourth pleas to the first and second counts raised the point that the defendant did not accept the goods, or actually receive them or give anything in earnest to bind the bargain, or in part payment, and no note or memorandum in writing of the alleged contract was signed by the defendant or his agent thereunto lawfully authorized. See Sec. 3873 Rev. Gen. Stats. of Florida, 1920.

There is conflict of authority upon the question whether the defense interposed by those pleas was available to the defendant under the general issue. At common law it was available. See Archbold's *Nisi Prius,* 252; Rowton v. Rowton, 1 Hen. & M. (Va.) 91. But the question is not material, as the plaintiff recovered upon the common counts for only so much of the cane as was cut and removed by the defendant from the former's premises. Under the count for goods bargained and sold evidence was sufficient to sustain the verdict. The Court erred in striking the first plea to the fourth count which we have shown was a declaration upon an express promise based upon an exe-

cuted consideration and the plea of never promised as alleged was correct, but the Court allowed the issue of never was indebted, and under that issue made the defendant's defense available. The subject of the second plea, the statute of frauds, as has been shown was available under the general issue. There was no prejudicial error in striking that plea.

The remaining assignments of error which rest upon the admission of evidence and the charge of the Court, and which are discussed in the brief have been examined, but we find that no substantial error prejudicial to the defendant was committed.

There was abundant evidence under the common count for goods bargained and sold to support the verdict, as to the sale, delivery and acceptance and value of the goods. The verdict was for the value of the fifty-nine thousand stalks of cane which the testimony of the plaintiff corroborated by circumstances undenied, substantially tended to establish were received and accepted by defendant. So the judgment should not be set aside, nor a new trial granted. See Chapter 6223 Laws of Florida, 1911, Sec. 2812 Rev. Gen. Stats. 1920.

After an examination of the entire case it appearing that the errors complained of operated to deprive the defendant of no substantial right to which he was entitled and resulted in no substantial injury to him, the judgment is affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND WEST, J. J., concur.