# CHARLESTON.

ETHEL W. WADDELL v. H. C. TROWBRIDGE, Etc.

Submitted May 9, 1923. Decided September 25, 1923.

1. EVIDENCE—*Reasonable Notice to Produce Paper or Document, to Admit Secondary Evidence Depends on Circumstances; Notice to Produce, Served on Trial, Where Document is in Distant State, Held Insufficient.*

   The question what is reasonable notice to a party to produce a paper or document in order to admit secondary evidence of its contents is a relative one and depends generally upon the circumstances of each case; and where no notice is given for the production of such paper or document except at the trial and during the progress of the testimony before the jury, and the paper or document called for is in a distant state and it is impossible to produce the same on the trial, the proper foundation has not been laid for the introduction of secondary evidence of its contents. (p. 485).

2. PRINCIPLE AND AGENT—*Agent's Authority Must be Ascertained; One Repairing Automobile at Instance of Agent has no Common Law Lien, in Absence of Authority of Agent.*

   Where a materialman or repairman bestows material or labor upon an automobile stored in his garage by the owner, at the instance and under contract made with the agent of an insurance company, he is bound to know the authority of such agent, and if he renders a bill for such material and repairs to such agent, which is not paid. he is not entitled to retain possession of the property or to enforce his supposed common-law lien thereon for such material and repairs, provided or done without the authority of the owner. (p. 486).

3. LIVERY STABLE AND GARAGE KEEPERS—*Placing of Automobile in Garage Held Not to Create Implied Right to Charge Owner With Labor and Material Bestowed Thereon.*

   Where the owner of an automobile places it in the garage of a mechanic, the relationship of bailor and bailee thus created gives no implied right or authority to the bailee to bestow labor or material on the automobile so as to charge the owner therewith. (p. 486).

4. EVIDENCE—*Proper Foundation for Introduction of Secondary Evidence of Contents of Letter Held Laid.*

   Where during the progress of the trial of an action of

detinue, brought by the owner of an automobile against the the bailee thereof, the plaintiff's counsel calls upon defendant or his counsel to produce a particular letter relating to a contract between defendant and the agent of an insurance company for the repairs thereof, which is material to the issues involved, and it appears by admission of the defendant that he received such a letter, and that he suppose it was in possession of his attorney, and it further appears that it was within easy reach of the court house where the trial was being conducted, and it is not produced, a proper foundation is laid for the introduction of a carbon copy of such letter as secondary evidence thereof. (p. 487).

5.  DETINUE—*Remedy is Judgment for Possession of Property and Enforcement of Common-Law Lien By Distraint.*

Where upon the trial of such issue, the verdict is for defendant, and it appears that the plaintiff has given bond and taken possession of the property, as provided by statute, it is error, in addition to rendering judgment for defendant, to adjudge in the alternative that he recover the value of the property as found by the jury if possession thereof can not be had; the only right of the defendant in such cases being to have judgment for possession of the property and to enforce his supposed common-law lien by distraint, pursuant to section 24 of chapter 75 of the Code. (p. 487).

Error to Circuit Court, Kanawha County.

Action by Ethel W. Waddell against H. C. Trowbridge. Judgment for defendant, and plaintiff brings error.

*Reversed, and new trial awarded.*

*Poffenbarger, Blue & Dayton* and *Robert E. McCabe,* for plaintiff in error.

*Morton, Mohler & Peters,* for defendant in error.

MILLER, PRESIDENT:

In detinue to recover the possession of one Dodge automobile and accessories, in all of the value of $835.00, the defense interposed, besides the general issue, by special plea, was that said property had theretofore been delivered by plaintiff to defendant under a contract whereby defendant had agreed to make certain repairs thereon, and which had been made as agreed, and that plaintiff had failed and refused to pay de-

fendant for the same, and wherefore he averred that as a mechanic and repairman he had a lien on said property therefor and was entitled to the possession thereof until the account due him for said repairs was paid. To this special plea the plaintiff interposed a special reply, which in substance and effect was that, in October, 1917, while the plaintiff was driving her said automobile along the public highway, with due care and without fault on her part, an automobile then and there belonging to and operated by the defendant, in charge of his employee or servant, was recklessly and negligently run into plaintiff's automobile, at a greater rate of speed than was allowed by law, whereby it was greatly injured and damaged, so that the same could not be operated, used or enjoyed by her until properly repaired and restored to running condition; wherefore it was the duty of the said defendant to reasonably repair and restore to her said machine; that plaintiff left said automobile and accessories in the care and possession of defendant to be so repaired and restored by him, as he was bound to do, without charge or expense to her, and that he had done no work thereon for her except such as was necessary to repair the damage so done by him; and that plaintiff did not agree to pay him therefor in the manner and form alleged in said special plea.

After motions to strike out said special plea and the special reply thereto were overruled, the parties joined issue on the plea and the case was tried before a jury, resulting in a verdict and the judgment complained of, that the plaintiff take nothing and that the defendant recover of the plaintiff possession of the automobile and the other property described in the declaration, if it could be had, if not, the value thereof as found by the jury, in the aggregate $835.00, with interest and costs expended herein.

The questions presented for decision were raised during the trial by objections and exceptions to the rulings of the court on the rejection and introduction of certain evidence, by the motion for a new trial, and by objection and exceptions to instructions given and refused by the court.

Much evidence was admitted on the trial respecting the manner in which the respective cars of plaintiff and defendant were being operated at the time of the collision or injury

complained of and as to which of the two parties was at fault, and responsible for the damages.

As we view the facts developed on the trial these questions are not very material. The evidence shows that after plaintiff's car was run into and damaged, the defendant, perhaps at plaintiff's request, towed her car into his garage or repair shop; but as she swears and he admits, she made no contract with him whatsoever to repair the damages; that at the time of the injuries the plaintiff was insured against injury and damage to her car from collision by a policy of insurance in the United States Fidelity and Guaranty Company. Plaintiff was called upon by defendant to produce her policy, but · as she could not then do so because it was in a distant state, the defendant over plaintiff's objection was allowed to prove and introduce a copy of what was said to be a standard form of policy in use by insurance companies for such insurance: The avowed purpose of this evidence was to show the alleged agency of the insurance company or of its agent, made an issue in the case, to have the repairs made upon plaintiff's car and to charge the same to her account or render the car liable to the defendant for the repairs made and parts furnished by him. It was not claimed or shown that plaintiff's policy was written on that form, nor that it was a copy pro tanto of her policy. No notice was given her to produce her policy before the trial, nor was any notice given her at any time except that while counsel for defendant was examining him as a witness, he called upon plaintiff's counsel to produce the original policy, who replied that he did not have the policy and never had had it, but that it was with the plaintiff in Pasadena, California, but he admitted on the record that plaintiff did have indemnity insurance by a policy in the form used by the United States Fidelity and Guaranty Company of Baltimore, Maryland, and that J. H. Knapp was then and at the time of the injuries to plaintiff's car the agent for that company. We do not think the proper foundation was laid for the introduction of this secondary evidence, even if the form of the policy introduced had been shown to be the same as that upon which plaintiff's policy was written. The question as to what is reasonable notice in such cases is a relative one and depends generally upon the circumstances of

each case. *Burton* v. *Seifert & Co.,* 108 Va. 338. Here it was stated that the policy was in California. The deposition of plaintiff introduced in evidence, and taken in California, shows that she was there residing in a sanitarium, but that her legal residence was at Huntington, Cabell County, West Virginia. If her policy had been desired, she should have there been called upon to produce it, and the foundation laid for the introduction of secondary evidence. Without proper effort to obtain and procure the best evidence of a written instrument, secondary evidence is not admissible. *Cobb* v. *Dunlevie,* 63 W. Va. 398, 404. The provisions of the blank form relied on to show the supposed agency of Knapp and of his company were contained in paragraph three, providing that the company may at its option suitably repair or replace the property so damaged or destroyed, and paragraph four, that the company may accomplish such repairs or replacement so determined by such means as it may elect, or at its option pay in money the amount of loss fixed by the award provided for therein. As this form of policy was admitted on defendant's motion, he can not deny the plaintiff the benefit thereof. We do not think the provisions relied on show any authority whatsoever to contract the repair bill in her behalf. Those proven were for the benefit of the insurer, not the insured. They gave the insurer the right to do what it evidently did do, elect to repair the machine in discharge of its obligation under the contract, and created no agency on the part of the company to incur any liability therefor upon the insured.

As defendant admits he had no contract with plaintiff for these repairs and relies on the alleged agency of the insurer or its agent Knapp, he was bound to know the fact of such agency and the limitation of its powers. *Rosendorf* v. *Poling,* 48 W. Va. 621; *Dyer* v. *Duffy,* 39 W. Va. 148; *Curry* v. *Hale,* 15 W. Va. 867; *Crawford* v. *Whittaker,* 42 W. Va. 430; *Cobb* v. *Glenn Boom & Lumber Co.,* 57 W. Va. 49; *Bank* v. *Furniture Co.,* Id. 625; *Uniontown Grocery Co.* v. *Dawson,* 68 W. Va. 332.

Nor was any authority to make repairs on the account or credit of the plaintiff to be implied from the relationship of bailor and bailee created between plaintiff and defendant by the storage of the machine in his garage. *Fitch* v. *Newberry,*

(Mich.) 40 Am. Dec. 33, 42. In *Whiting* v. *Mass. Ins. Co.*, 129 Mass. 240, and *Giddings* v. *Ins. Co.*, 102 U. S. 108, it was held that the payment of the premium on an insurance policy by unauthorized agents did not bind the insurers.

Undoubtedly a mechanic has a common-law lien for the value of his services bestowed on a chattel left in his possession by the owner, and done by the owner's request and pursuant to contract express or implied. *Keystone Mfg. Co.* v. *Close*, 81 W. Va. 205. But a bailee of the property has no such right for labor and material furnished in the repair of an automobile without the owner's consent.

In this case the plaintiff offered, but was not permitted to introduce, a carbon copy of a letter from Knapp, the agent of the insurance company, to defendant, of November 3, 1917, (defendant being called upon but failing to produce the original,) to prove that before undertaking the repairs to plaintiff's car he knew that the insurer claimed that defendant was responsible for the injury and damage done to the car and that he should proceed to make the repairs and furnish the necessary parts in discharge of that liability. It was not until defendant had received this letter, and as his only authority to do the work, that he proceeded with the repairs to plaintiff's car. We think this letter was proper evidence on the subject of the contract and the non-liability of plaintiff for the repairs, and that after defendant was called upon to produce the original, the carbon copy thereof was the next best evidence and should have been admitted. When called upon to produce the original, the defendant stated that he would not say that he could not do so; that he might have it around his desk at home, but was not certain; that he was under the impression that his counsel had all the correspondence in regard to the matter, but found when he arrived that he had not. Defendant lived at St. Albans, in Kanawha County, within a short ride by automobile or trolley car from Charleston, where the case was being tried, and it was possible for him to produce the original if he had it, within a very short time. It was not produced. We think the notice to produce the letter at the trial, under all the circumstances, was sufficient to authorize the secondary evidence thereof, the

carbon copy offered by the plaintiff. *Burton* v. *Seifert & Company, supra.* Defendant admitted receipt of some such letter, but said he had not answered that one. The evidence admitted shows that after completing the repairs and furnishing the parts, defendant did not render a bill therefor to plaintiff, but to Knapp, the agent of the insurance company, aggregating the sum of $270.65, which is dated, St. Albans, W. Va., 2-19-1918, and in substance is as follows: "Main Street, Garage, H. C. Trowbridge, Proprietor. Sold to Mr. J. H. Knapp, Parkersburg, W. Va. Capital City Supply's Bill, $166.46; Window Glass, $7.45; Charging Battery and Express, $1.77; Towing to Garage, $5.00; Vulcanizing Casing, $4.52; Labor & Etc., $83.45; Total, $270.65."

It appears from the record and the pleadings in the case that the defendant was not asserting title to the property sued for, but only his supposed common-law lien thereon with right of possession thereof until the amount of his repair bill shall be paid; so that the judgment in his favor for the possession of the property, or in the alternative the value thereof as found by the jury, if valid, would work a great injustice to plaintiff and bestow upon defendant a right which the law does not give him. It is true that chapter 102 of the Code, the general statute relating to detinue, provides that where the verdict is in favor of defendant, and the plaintiff is in possession of the property, as in this case, the judgment shall be for possession of the property, or in the alternative the value thereof as found by the jury. But the statute should not be given a construction that would justify the judgment against plaintiff in this case. Evidently the statute was intended to have application to cases where both plaintiff and defendant are claiming absolute title to and right of possession of the property in question, and not where, as in this case, the defendant is asserting only a possessory right as security for the payment of a repair bill. He has no right to a judgment for the value of the property as against the owner. His rights at common law were only possessory. Our statute, however, section 24, chapter 75 of the Code, gives him the only remedy he has to enforce his lien, namely, that of a landlord to enforce payment of rent, that is, by distress. *Keystone Mfg. Co.* v. *Close, supra.*

Wherefore we are of opinion that the only judgment a defendant is entitled to in an action like this, is one for the possession of the property. The conditions of plaintiff's bond where the property is taken by him, as prescribed by the statute, is in effect a forthcoming bond. Undoubtedly defendant, if the judgment shall be in his favor, will have right of action thereon, if the property is not forthcoming.

Our conclusion is that the rulings of the trial court in respect to the admission and rejection of evidence, and in the giving and refusing of instructions, in so far as they are inconsistent with the views herein expressed, are erroneous; and for these as well as for other reasons expressed herein, we are of opinion that the judgment must be reversed and the plaintiff awarded a new trial.

*Judgment reversed; new trial awarded.*