# CHARLESTON.

F. A. HALL *v.* HARRISVILLE SOUTHERN RAILROAD COMPANY, A. C. FISHER, J. F. DEEM, W. S. STOUT, B. F. PATTON, A. O. WILSON, H. E. WASS, and J B. WESTFALL.

(No. C. C. 388)

Submitted January 12, 1927.   Decided March 1, 1927.

1.   JUDGMENT—*Notice of Motion for Judgment, Indicating With Reasonable Certainty Nature of Claim and Plaintiff's Right to Recover Thereon, Presents Good Cause of Action; Notice*

*of Motion for Judgment on Note Held Sufficient on Motion to Quash (Code, c. 121, § 6).*

A notice of motion for judgment, under Sec. 6, Chapter 121, Code, indicating with reasonable certainty the nature of the claim and the right of the plaintiff to recover thereon, presents a good cause of action, although technically insufficient as a common law pleading.   (p. 285).

(Judgments, 34 C. J. § 428.)

2.    PROCESS.—*Return Reciting Service of Notice of Motion for Judgment and Affidavit Attached by Delivering True Copy Thereof Sufficiently Indicates Service of Affidavit as Part of Notice (Code, c. 121, § 6).*

Where the notice and verified account or affidavit attached thereto by reference in each to the other are united, a return of service reciting the service of the "notice and *affidavit attached,* upon the" defendants, by delivering to them "a true copy thereof," sufficiently indicates that the affidavit was served as a part of the notice, at the same time and in the same manner as the notice was served.   (p. 287).

(Judgments, 34 C. J. § 428.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.

WOODS, JUDGE, absent.

Certified Case from Circuit Court, Ritchie County.

Action by F. A. Hall against the Harrisville Southern Railroad Company and others by notice of motion for judgment on a note.   A motion to quash the notice and return of service as to the affidavit or verified account attached to the notice was sustained, and the court's ruling was certified under Code, c. 135, §1.

*Reversed.*

*S. A. Powell,* for plaintiff.

*Robinson & Robinson,* and *R. S. Blair,* of Harrisville, for defendants.

LITZ, JUDGE:

This is an action by notice of motion for judgment.   The circuit court sustained a motion to quash the notice and return of service as to the affidavit or verified account attached

to the notice, and certified its ruling under Section 1, Chapter 135, Code.

The basis of suit is a note signed by the defendant, Harrisville Southern Railroad Company, as maker, dated April 1, 1922, payable on demand at the First National Bank of Harrisville, West Virginia, to the order of the defendants A. C. Fisher, J. F. Deem, W. S. Stout, B. F. Patton, A. O. Wilson, H. E. Wass, and J. B. Westfall, for $15,000.00, and indorsed by said payees.

The ruling of the circuit court both as to the sufficiency of the notice and the return of service is without basis. The notice, after describing the note and alleging its execution by the defendants, states that it was "negotiated to and acquired by" the plaintiff, and thereafter, on January 5, 1926, payment thereof was demanded of and refused by the maker; whereupon the instrument was duly protested for non-payment "and notice of such demand, non-payment and protest was duly given to the maker of said note and to each of the indorsers thereon"; and that there is justly due and owing to the plaintiff from the defendants and each of them on account of said paper, including interest thereon to the date of notice, and protest fees, after allowing all payments, credits and sets-off made by the defendants or any of them, or to which they or any of them are entitled, the sum of $18,724.19.

It is the purpose of a notice, on which to base a motion for judgment, to acquaint the defendant with the grounds on which he is to be proceeded against; and if it be so plain that the defendant cannot mistake its object, it is sufficient, however wanting it may be in form and technical accuracy. *Board* v. *Parsons,* 22 W. Va. 308. Such notice will be treated with great indulgence by the court. All that is required is that it should be so plain that the defendant cannot mistake its object, however much it may be wanting in form and technical accuracy. *Shepherd* v. *Brown,* 30 W. Va. 13. The notice in this case shows not only the nature of the obligation, but the right of the plaintiff to recover thereon.

The return of service recites the service of the "notice and affidavit attached, upon the" defendants, by delivering to them "a true copy thereof". The objection to the form of return is that it does not show the affidavit was served upon the defendants "at the same time and in the same manner as the notice was served", as required by Section 6, Chapter 121, Code. We think the return sufficiently indicates that the affidavit was served as a part of the notice, and was, therefore, served "at the same time and in the same manner as the notice". The notice and affidavit by reference each to the other are, in legal effect, one paper.

Whether or not the plaintiff is a holder in due course will be a question of proof.

The motion to quash the notice and return of service as to the affidavit, therefore, should have been overruled; and it will be so certified.

*Reversed.*