MARSHALL COUNTY BANK *v.* CITIZENS MUTUAL TRUST COMPANY *et al.*

(No. 7671)

Submitted February 27, 1934.   Decided March 27, 1934.
(Rehearing Denied June 11, 1934)

Kenna, Judge, dissenting.

*J. M. Ritz, Tom B. Foulk* and *Caldwell, Kline & Mead,* for plaintiffs in error.

*Martin Brown,* for defendant in error.

Maxwell, Judge:

This is a writ of error to a judgment of the circuit court of Marshall County on directed verdict for $13,333.98 in favor of the plaintiff and against the defendants.

The proceeding was upon notice of motion for judgment on a collateral, negotiable note of $12,000.00 dated at Wheeling, September 21, 1929, executed by G. W. Hannan and W. H. Koch, payable to the order of themselves, on demand, with interest, and indorsed by them. The plaintiff's evidence consisted of the note with the supplementary testimony of its assistant cashier as to the bank's possession of the note and the amount due thereon, and that value had been paid therefor by the bank. The only evidence offered on behalf of both defendants (not admitted by the court) was that of a Wheeling broker with reference to the market value, on specified dates, of the stock which had been placed with the note by the makers as collateral security. Certain offers of evidence on behalf of defendant Koch are hereinafter discussed.

"The mere possession of a negotiable instrument, produced in evidence by the indorsee, or by the assignee where no indorsement is necessary, imports prima facie that he acquired it bona fide for full value, in the usual course of business, before maturity, and without notice of any circumstances impeaching its validity; and that he is the owner thereof, entitled to recover the full amount against all prior parties. In other words, the production of the instrument and proof that it is genuine (where indeed such proof is necessary), prima facie establishes his case; and he may there rest it; the burden of proving that a holder did not acquire it bona fide, for value, and without notice, is on the defendant." 2 Daniel on Negotiable Instruments (7th Ed.), section 945. Consult: 8 Corpus Juris, p. 473; *Idem,* p. 980; West Virginia Code 1931, 46-4-2, 7 and 9; N. I. L., sections 52, 57 and 59; *Bank* v. *Simmons,* 43

W. Va. 79, 27 S. E. 299; *Savings Bank* v. *Haddix*, 97 W. Va. 536, 125 S. E. 362.

The execution and indorsement of the note by Hannan and Koch is not questioned. The presumptions of law arising from the plaintiff's possession of the note are in nowise overcome. Its prima facie right is not overthrown by anything appearing in the record. The offer of defendant Koch to prove that he did not receive any of the proceeds of the note, that he was a mere accommodation maker, and that this fact was known to the plaintiff, was inconsequential. "The maker of a negotiable instrument by making it engages that he will pay it according to its tenor, and admits the existence of the payee and his then capacity to indorse." Code 1931, 46-5-1; N. I. L., section 60. "Under the statute (N. I. L., section 60), the maker of a promissory note is 'primarily liable' thereon, though he signs only for accommodation." Crawford's Negotiable Instruments Law (4th Ed.), page 119. Cf. 8 Corpus Juris, p. 276. "Accommodation paper is a loan of the maker's credit without restriction as to the manner of its use. * * * Until it is negotiated the maker can withdraw from and rescind his engagement upon it. But as soon as the instrument has passed into the hands of a holder for value the liability of an accommodation maker becomes fixed, and may be enforced although the holder knows him to be only an accommodation party." 3 Ruling Case Law, page 1137.

Defendant Koch also offered to prove at the trial that Hazlett & Burt were never his agents. This offer, refused by the court, was made apropos of an averment in the notice of motion for judgment that the note was delivered to the plaintiff by and through the defendants' agents, Hazlett & Burt. We are of opinion that the trial court properly refused the offer of defendant Koch on the agency matter. The primary and important elements are these: (1) the execution and indorsement of the note by Hannan and Koch; (2) the possession of the note by the plaintiff. The payees of the note having indorsed it, subsequent indorsements were not essential to its negotiation. On the merits—basic, contractual, legal liability —what difference whether Hazlett & Burt were or were not agents of Hannan and Koch? It is not material whether the note came into the possession of the bank directly from the

indorsers, or from their agents, if any they had, or from intermediary assignees. The result is the same in either instance—the makers are liable. Therefore, we are of opinion that the averment in the notice that the note had come to plaintiff through the agency of Hazlett & Burt is wholly immaterial to the issue.

Unnecessary matter contained in pleadings at law is deemed surplusage. 21 Ency. Pl. & Pr., p. 230. It not only does not vitiate a pleading on demurrer, *Martin v. Cochran,* 94 W. Va. 432, 119 S. E. 174, but it may properly be disregarded at the trial. 21 Ency. Pl. & Pr., p. 257. "Facts not necessary to maintain the action or defense need not be alleged, and if alleged will be treated as surplusage and need not be proven." *Lohr v. Wolfe,* 71 W. Va. 627, 77 S. E. 71, 72. It follows that the offer of Koch to prove that there was no such agency, not being material to the issue, was properly refused.

The old rule that in an action on a legal instrument there may not be joined as defendants a surviving maker and the personal representative of a deceased maker because as to the former the judgment would be *de bonis propriis* and as to the latter *de bonis testatoris* has been changed by statute, Code 1931, 55-8-8.

The judgment is affirmed.

*Affirmed.*

HATCHER, JUDGE, concurring:

The scant averment of material facts in the notice of motion for judgment herein disturbed me initially. It is a cardinal rule of pleading in cases on bills and notes that the declaration or other pleading must "allege facts showing plaintiff's title or right to sue." 8 C. J. 886. Accord: 14 Ency. Pl. & Pr. 503; 3 R. C. L. 1336; *Bank v. Hysell,* 22 W. Va. 142; *Young v. Bray,* 54 Mont. 415, 170 P. 1044; *Oulvey v. Converse,* 326 Ill. 226, 157 N. E. 245; *Marvick v. Knight,* 51 S. D. 151, 212 N. W. 866. There are a number of recitals in the notice relating to the obligation and to the duty of the makers of the note and to the legal effect of the instrument. But there is no specific allegation that the bank is the owner or the holder of the note. The sole allegation of fact relating to the bank's

title to the note is that its makers "delivered" it (through their agents, etc.) to the bank. However, in *Bank* v. *Howard*, 71 W. Va. 57, 58-9, 76 S. E. 122, this Court held that an averment that a note *was delivered to the plaintiff* was equivalent to an averment that *the plaintiff owned the note*.

The notice does not allege directly that the note is unpaid. As early as 1878, Judge Green stated it to be "settled beyond controversy" in the Virginias that an allegation of non-payment was requisite. See his opinion in *Douglas* v. *Land Co.*, 12 W. Va. 502, 510-511. Accord: *Smoot* v. *McGraw*, 48 W. Va. 144, 35 S. E. 914; *Danser* v. *Mallonee*, 77 W. Va. 26, 29, 86 S. E. 895. The notice does allege severally that each maker of the note is "indebted" to the plaintiff for the principal and interest of the note. Facts relied on in common law pleadings must be stated directly and not left to argument and inference. See *Timmons* v. *Trust Co.*, 173 S. E. 79 decided at the present term of this Court. But the notice herein being a pleading under the Code and not the common law, may be viewed with indulgence. *Hall* v. *Railroad Co.*, 103 W. Va. 287, 289, 137 S. E. 226. If the note were paid, the makers could not be indebted on the note. Consequently, an indulgent view permits us to hold that the averment of indebtedness is equivalent to an averment that the note is unpaid. *Deutsh* v. *Korsmeier*, 59 Ind. 373, 374; *Howard* v. *Richards*, (Nev.) 90 Am. Dec. 520; 14 Ency. Pl. & Pr. 544; 4 Stand. Ency. of Pro. 253-4.

It would seem, therefore, that the averment is sufficient to permit a recovery.

Litz, Judge, concurring:

The sufficiency of the notice has not been questioned by demurrer or otherwise. The sole contention of defendants is that plaintiff was not entitled to recover without proving the alleged agency of Hazlett & Burt, and that they were authorized as agents of the makers to negotiate the note and receive the proceeds. This argument is wholly untenable. As stated in the opinion, plaintiff, by producing the note, established prima facie right to recover, in the absence of a plea of *non est factum*, or its equivalent, putting in issue the validity of the instrument. *Merchants Bank & Trust Company* v. *Peoples Bank of Keyser*, 99 W. Va. 544, 130 S. E. 142. Defendants

have fallen into error by failing to distinguish between an action on a negotiable instrument and one on simple contract with an alleged agent. In the latter case, the foundation of the action depends upon proof of the agency. *Conners* v. *Gaskins*, (Fla.) 90 So. 379, cited in the note of dissent by Judge Kenna, is illustrative. They have also confused this case with one involving the transfer of negotiable paper by a known agent who appropriates the proceeds to his own use. The transferee in the latter case assumes the obligation of accounting to the principal. *Bowles Co.* v. *Clark*, 59 Wash. 336, 109 Pac. 812, 31 L. R. A. (N.S.) 613, cited by counsel for defendants, states the rule as applied to the facts in the case, thus: "One who receives a check drawn to his own order from the agent of the drawer, who is not known to him, assumes the obligation of accounting to the drawer for the proceeds." The court based this holding upon the finding that the transferee was put upon notice, by the check being payable to him, that the transferor was the agent of the drawer. The same rule is observed and applied in *Bank* v. *Ohio Valley Furniture Company*, 57 W. Va. 625, 50 S. E. 880, and numerous other authorities, cited in the dissenting note, in which a known agency existed. It has no application in a case like this, in which no agency is shown. The pronouncement in the *Ohio Valley Furniture Company* case, follows: "An agent having in his possession, for discount, sale, safekeeping or other purpose, on behalf of his principal, bills, notes or other paper belonging to his principal, indorsed in blank, or in such other form as to permit transfer of title thereto by mere delivery, may be regarded, by strangers having no notice of the agency or the capacity in which such paper is held, as the owner thereof, and dealt with accordingly in respect to it. But, if in such case, the stranger has notice of the fact of agency, his dealings and transactions, respecting the paper, are governed by the law of agency. He must regard the paper as the property of the principal and confine his dealings with the agent, concerning it, within the scope of the authority of the latter, actually or apparently conferred." Again, as demonstrated in the opinion, the proffered evidence that the makers had executed the note for the accommodation of Hazlett & Burt, and that the latter had negotiated it for their own benefit, was not a defense, but an admission of liability.

KENNA, JUDGE, dissenting:

I am sorry that I must, with all the deference to which the majority of the court is entitled, withhold my concurrence in the result arrived at in this case.

The notice of motion states that the plaintiff, Marshall County Bank, will move for judgment upon a note "made, signed, executed, indorsed and delivered by and through your agent, Hazlett and Burt, to the said plaintiff * * *." The notice alleges that the note was made payable upon demand to "ourselves" and signed by G. W. Hannan and W. H. Koch and indorsed by them. The notice states that in acquiring the note, the bank got it "for money borrowed by the said George W. Hannan and you, the said W. H. Koch, from the said Marshall County Bank". There are no other allegations of ownership nor of holding in due course by the bank. Under the notice, both of these essentials depend upon the agency of Hazlett & Burt. The agency thus becomes the determining factor and is not an allegation that may be disregarded as surplusage. The defendants, the personal representative of Hannan and W. H. Koch, appeared and filed their counter affidavits denying any liability in consequence of the matters alleged in the notice, and filed their pleas of general issue thereto. This was sufficient to put in issue the existence of the agency upon which the demand in the notice was based. *Bank* v. *Bank,* 99 W. Va. 544, 130 S. E. 142, pt. 10, Syl.; *Connor* v. *Gaskins,* 82 Fla. 389, 90 So. 379. The fact that the counter affidavit and general denial put the existence of the agency in issue, shows that it is a material allegation. Being material, it cannot be called surplusage. The money from the note was paid by the bank to Hazlett & Burt, along with money for several other notes, the total aggregating $30,020.65. The plaintiff offered no evidence to sustain the allegation of agency. To the contrary, counsel for W. H. Koch offered to show that he was an accommodation maker on the note and that the bank knew that fact when it received it. Koch further offered to show that he had never authorized Hazlett & Burt or either of them to act as his agent, and that he had never received anything the Marshall County Bank may have paid for the note. After these offers were all refused, a verdict was directed for the plaintiff.

The plaintiff says that it paid the makers of this note approximately $12,000.00 for it through their agents, Hazlett & Burt. Both of the defendants deny this in their counter affidavit. There was absolutely no proof of the agency of Hazlett & Burt. Therefore, I think that the plaintiff failed to sustain a material and indispensable allegation of his notice, and no matter what informality may be allowed in a notice of motion, the fact yet remains that it is essential to allege a cause of action and to prove the same cause of action that is alleged.

This transaction should not be confused with a transaction with Hazlett & Burt under the Negotiable Instruments Act. On plaintiff's own theory, Hazlett & Burt did not have possession of this paper as owners or holders in due course. They had possession of the paper merely as the agents of the makers. There had been no delivery of the paper. There could be no delivery of it, unless Hazlett & Burt were authorized to deliver. This authorization not only was denied by both the defendants, not only did the plaintiff fail to prove it, but, on behalf of Koch, proof was tendered to show that Hazlett & Burt were never his agents for any purpose. Therefore, there could not have been a delivery of this paper on the theory advanced by the plaintiff. If there could have been no delivery, then the paper is not effective to bind the makers, and the law merchant has no application to it.

An allegation that commercial paper was acquired through an agent for the maker is not sustained by proof showing merely that the paper was in possession of the agent, indorsed in blank, or in form amounting to an indorsement in blank. Possession of paper as holder under the law merchant and possession as agent will not stand together. "Ownership of the note and possession thereof in the capacity of agent, are inconsistent things." *Bank* v. *Ohio Valley Furniture Company*, 57 W. Va. 625, 635, 50 S. E. 880. In the same case, Judge Poffenbarger reviews a number of the cases holding the principal bound by the act of his agent respecting the negotiation of paper. After doing so, he makes the following observation:

"It is to be observed, however, that in none of these cases was the fact of agency known to the purchaser

of the note. He did not deal with the holder on the basis of agency or with knowledge of any agency. He dealt with him as the owner of the paper. Nor is this relation of the parties ignored by Mr. Randolph, for he says in the same section, 'From these cases the rule may be laid down that the possession carries with it presumptively the ownership and power to dispose of negotiable paper, payable to bearer or indorsed in blank.' To this proposition, he adds the one previously quoted from the same section as a consistent and sequential one. When the party has possession of the paper and neither *the fact of agency* nor any other circumstance inconsistent with title in the holder is known to the other party, he may deal on the basis of ownership although there is in fact an unknown agency. He may take good title despite this indisputable fact of which he has no knowledge. These cases furnish no authority for the position that the note is the equivalent of a power of attorney.''

This Court, in an opinion by Judge Brannon, in *Hazeltine* v. *Keenan,* 54 W. Va. 600, 46 S. E. 609, has held that a note indorsed as attorney by the payee, to whom it was made payable in that capacity, put the taker upon such inquiry as that persons having an interest in the note may afterwards assert their equities against the person who received it from such payee-indorser. This was because the word ''attorney'', appearing after the name of the payee-indorser, signified his agency. The principle could not be different in a case like this where the fact of agency itself was known. This is borne out by reverting to the case of *Bank* v. *Furniture* Co., 57 W. Va. 625, 50 S. E. 880, the fourth and fifth points of the syllabus, in which it is stated:

''An agent having in his possession, for discount, sale, safekeeping or other purpose, on behalf of his principal, bills, notes or other paper belonging to his principal, indorsed in blank, or in such other form as to permit transfer of title thereto by mere delivery, may be regarded, by strangers having no notice of the agency or the capacity in which such paper is held, as the owner thereof, and dealt with accordingly in respect to it.''

''But, if in such case, the stranger has notice of the fact of agency, his dealings and transactions, re-

specting the paper, are governed by the law of agency. He must regard the paper as the property of the principal and confine his dealings with the agent, concerning it, within the scope of the authority of the latter, actually or apparently conferred.''

The language quoted is adopted verbatim as a correct statement of the law in 3 R. C. L. at page 1083.

A person who deals with an agent knowing of the agency is bound to look to the nature and extent of the agent's authority. *Curry* v. *Hale,* 15 W. Va. 867; *Dyer* v. *Duffy,* 39 W. Va. 148, 19 S. E. 540, 24 L. R. A. 339; *Wells* v. *Life Ins. Co.,* 41 W. Va. 131, 23 S. E. 527; *Crawford* v. *Whittaker,* 42 W. Va. 430, 26 S. E. 516.

The above rule applies with all its vigor to dealings in negotiable instruments by agents. *Bank* v. *Ohio Valley Furniture Co.,* 57 W. Va. 625, 50 S. E. 880; *Hazeltine* v. *Keenan,* 54 W. Va. 600, 46 S. E. 609; *Dowden* v. *Cryder,* 55 N. J. L. 329, 26 A. 941; *Atwood* v. *Munnings,* 7 Barn. & C. 278, 108 Reprint 727; *East India Co.* v. *Tritton,* 3 Barn. & C. 280, 107 Reprint 738; Randolph Com. Paper (2nd Ed.), sec. 388.

In addition to the two principles just laid down we have the principle that a person alleging a cause of action in which an agency forms an integral part, cannot recover without proof of the agency. *Ross* v. *Bliss,* 110 Mass. 293; *McCabe & Steen* v. *Farrell,* 34 Tex. Civ. App. 36, 77 S. W. 1049; *Lafourche Transp. Co.* v. *Pugh,* 52 La. Ann. 1517, 27 So. 958; *Nokomis National Bank* v. *Hendricks,* 205 Ill. App. 54.

It is to be remembered that the Bank of Moundsville, according to its own declaration, did not deal with Hazlett & Burt as the owners of this paper. They dealt with Hannan and Koch. Hazlett & Burt were but the agents for the true owners. Therefore, any of the principles of the Negotiable Instruments Act that can be invoked by the bank, must be invoked on the basis of a transaction between it, on the one hand, and Hannan and Koch, on the other. Hannan and Koch have denied such a transaction and the bank has failed to prove it. It may well be that if the bank had dealt with Hazlett & Burt as the owners of the note, and if, at the time of so dealing, there had been no knowledge of the agency, the bank could recover under the

Negotiable Instruments Act. It could recover by proving the agency it has alleged. As has been pointed out, however, the bank cannot in the same proceeding plead that it dealt with Hazlett & Burt as agents for the negotiation of the paper, and take the altogether inconsistent position of recovering on the theory that it dealt with them as holders in due course of the paper. To permit a recovery without proof of the agency means that the bank must be regarded as having received the paper from a holder in due course. It says in its own verified notice that this is not the case. It was denied by the pleadings of Hannan and Koch, and Koch offered to adduce proof to the contrary.

The defendants were summoned into court upon notice that the case to be presented against them would be based upon an agency under the terms of which they were bound by the act of Hazlett & Burt. They came to meet that issue, and no such issue was tried. Instead, a verdict was directed in favor of the plaintiff on an entirely different theory of recovery.

For the reasons stated, I would reverse the case.